This is a workmen's compensation case. *Page 2 
In January 1993, Richard Lee Hayes filed a complaint for workmen's compensation benefits against B E K Construction Company, alleging that he was injured in August 1990[1] in the line and scope of his employment, that he suffered a loss of earning capacity, and that he incurred medical expenses. Hayes requested benefits pursuant to the Workmen's Compensation Act. The trial court granted Hayes's motion for a summary judgment as to the issues of liability and coverage. Following ore tenus proceedings, the trial court ruled that Hayes had suffered a 50% loss to the upper extremity, and awarded him permanent partial disability benefits for 222 weeks, 34 weeks of accrued temporary total disability benefits, and related medical expenses. B E K filed a post-judgment motion, which the trial court denied, and B E K appeals.
B E K argues three issues on appeal: (1) whether the trial court erred in admitting hearsay evidence as to Hayes's disability; (2) whether any evidence supports the trial court's award of permanent partial disability benefits; and (3) whether any evidence supports the trial court's award of 34 weeks of temporary total disability benefits.
The standard of review in a workmen's compensation case is a two-step process. Initially, the reviewing court will look to see if any legal evidence supports the trial court's findings.Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala. 1991). If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment. Id. Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome. Ex parteVeazey, 637 So.2d 1348, 1349 (Ala. 1993).
B E K argues that the trial court erred in admitting evidence of statements that Hayes's treating physician made regarding Hayes's ability to return to the same employment. B E K contends that the evidence of these statements was hearsay and that the admission of that evidence was so prejudicial as to require reversal. Hayes testified that his treating physician told him that he would have to find a different profession. Even if the evidence in question is inadmissible hearsay, the admission of the objectionable testimony was, at most, harmless error. Rule 45, A.R.App.P. As discussed below, other legal evidence supports the trial court's judgment.
B E K argues that the trial court erred in awarding Hayes permanent partial disability benefits based on a 50% loss to the upper extremity. Hayes testified that he constantly suffers pain in his arm and that he can use his elbow only if he takes pain medication. He further testified that he will probably have to have another surgery and that his condition has not improved and possibly has worsened. His wife testified that Hayes is unable to perform household tasks that he performed before the injury. Although Hayes's treating physician testified in his deposition that Hayes's impairment is only 3%, the trial court is not bound by the expert testimony and is free to make its own observations and determine the extent of disability. Genpak Corp. v. Gibson, 534 So.2d 312, 314
(Ala.Civ.App. 1988). Because there is evidence to support the trial court's finding as to the extent of the disability, we must affirm that portion of the trial court's judgment. EastwoodFoods at 93.
B E K finally argues that the trial court erred in awarding Hayes 34 weeks of temporary total disability benefits. The record reveals that Hayes's last pay period ended April 2, 1992. His last surgery on his elbow was performed on August 6, 1992, and the treating physician released him to return to work on January 10, 1993. Hayes's wife testified that he did not work from April 1992 to January 1993. Applying our narrow standard of review set out in Eastwood Foods and Veazey, we find no error in the trial court's award of 34 weeks of temporary total disability benefits. *Page 3 
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ. concur.
[1] The review of this case is governed by the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.