On November 28, 1990, Sandra J. Crouch sued Gold Kist, Inc., d/b/a Golden Poultry, to recover workmen's compensation benefits for an injury that she alleged arose out of and in the course of her employment. On June 17, 1994, following an ore tenus proceeding, the trial court entered a judgment in favor of Crouch. Specifically, the trial court determined:
 "6. That the surgery performed by Dr. Bennett Blumenkopf at Vanderbilt University on [Crouch] was necessary. *Page 696 
 "[T]hat [Crouch] is entitled to a judgment against [Gold Kist] for said loss of ability to earn and for all future reasonable, necessary and authorized medical treatment rendered to [her] for the aforesaid injury."
On October 24, 1994, Crouch filed a motion entitled "Motion For Hearing Regarding Court's Order," requesting the trial court to clarify its order. Specifically, the motion stated:
 "[Crouch] has read this honorable court's order and believes it to read that [Gold Kist] is responsible for the bills of Dr. Blumenkopf and Vanderbilt University and that the court deemed these bills to be necessary. [Crouch] has been informed by [Gold Kist] that [it] believes this honorable court's order to read that they are not responsible for said bills."
On December 9, 1994, following argument of the parties, the trial court restated that the treatment of Dr. Blumenkopf and Vanderbilt University was necessary and again ordered Gold Kist to pay for their services. On January 19, 1995, Gold Kist filed an untimely notice of appeal to this court.
Crouch contends, and we agree, that her October 24, 1994, motion was not a post-judgment motion to alter, amend, or vacate the judgment, but, rather, a request for clarification of the original order. A reading of both orders supports Crouch's position. In fact, the trial court refers to Crouch's motion as a "motion to clarify." Further, the original order was not modified by Crouch's request; the court simply clarified what we conclude was an abundantly clear order. Gold Kist had 42 days from the date of the entry of the court's June 1994 order in which to appeal. Rule 4, Ala.R.App.P. The appeal is untimely.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.