CRAWLEY, Judge.
Billy G. Davis (the “owner”) leased a building to Mary Wadley (the “tenant”), and she operated the Attalla Bingo Center on the premises. Betty Cruze, a business invitee of the tenant, injured herself on the premises. The invitee ultimately sued the tenant, d/b/a Attalla Bingo Center and the owner, alleging that the owner had negligently and/or wantonly maintained the premises and failed to warn of the defects resulting in her injury. The invitee requested compensatory and punitive damages. The trial court entered a summary judgment for all the defendants. The invitee appeals, but only as to the owner.
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(e)(3), Ala.R.Civ.P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of this rule as it relates to the “substantial evidence” rule of § 12-21-12(d), Ala.Code 1975.
The invitee, while playing bingo in the building, had an accident; she slipped on what she described as an uneven floor as she attempted to enter the restroom. Our supreme court has adopted § 358, Restatement (Second) of Torts (1965), which states the duty an owner of premises owes to a tenant’s invitee as the duty to disclose the presence of a latent defect if the tenant has no knowledge of the defect and the owner has knowledge of the defect or has reason to know of the defect. Dunson v. Friedlander Realty, 369 So.2d 792 (Ala.1979).
The invitee argues that she presented substantial evidence that the owner had knowledge of the defect when he leased the property to the tenant and that the tenant did not know of the defect. The tenant testified that she had no knowledge of the defect and that the owner did not tell her of any defect when he leased the property to her. As to the question of the owner’s knowledge, the invitee submitted a brief prepared on the owner’s behalf in a prior action in which he was a defendant in a slip-and-fall case occurring at the same building before the tenant leased it from the owner. The owner’s attorney in that case stated in the statement of facts that the plaintiff “tripped as she was going up a ramp toward the bathroom.”
*516 The invitee argues that this statement constitutes substantial evidence that the owner had knowledge of a defect at the entrance to the restroom. Rule 801(d)(2)(C), Ala.R.Evid., provides that a statement is not hearsay if, “The statement is offered against a party and is ... a statement by a person authorized by the party to make a statement concerning the subject.” This provision has been interpreted to encompass “[statements in a party’s pleading, made in the course of another action.” C. Gamble, McElroy’s Alabama Evidence, § 181.01 (5th ed. 1996). Such statements “may be offered as admissions of that pai’ty in a present proceeding.” Id. The owner contends that the evidence that he had made that statement in the prior action does not constitute substantial evidence that before this invitee’s fall he had knowledge of a defect at the entrance to the bathroom.
We agree with the owner that the statement in the prior proceeding that that plaintiff “tripped as she was going up a ramp toward the bathroom” is not substantial evidence that the owner had knowledge of a defect that caused the invitee’s injury at the entrance to the bathroom. The invitee offered no evidence that her injury and the prior plaintiffs injury was caused by the same alleged defect. Furthermore, the invitee presented no evidence that the two injuries occurred at the same location; rather, the invitee says she fell while entering the bathroom, whereas the prior plaintiff tripped on a ramp that led to the bathroom.
Therefore, the trial court properly entered the summary judgment for the owner.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., dissents.