23 So.3d 1138 (2009)
Ex parte SUNBELT TRANSPORT, INC., and Patriot Transportation Holding, Inc.
(In re Randall Paul v. Sunbelt Transport, Inc., and Patriot Transportation Holding, Inc.).
2071110.
Court of Civil Appeals of Alabama.
May 8, 2009.
*1139 Tara W. Lockett of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Daphne, for petitioners.
Max Cassady, Fairhope, for respondent.
PER CURIAM.
Sunbelt Transport, Inc., and Patriot Transportation Holding, Inc. (collectively "Sunbelt"), petition this court for a writ of mandamus ordering the trial court to vacate an order granting an "Emergency Motion to Compel Medical Authorization" filed by Randall Paul. We grant the petition and issue the writ.

Procedural History and Factual Background
On November 15, 2007, Paul sued Sunbelt, seeking workers' compensation benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"). In his complaint, Paul alleged that he had injured his spine in an accident on December 22, 2006, while working as a truck driver for Sunbelt. Paul further alleged that he was permanently and totally disabled as a result of the alleged work-related injury.
On May 29, 2008, Sunbelt filed a motion seeking to dismiss Paul's action for lack of jurisdiction. Sunbelt's motion stated that "[Sunbelt] has accepted [Paul's] claim as compensable under the Workers' Compensation laws of the State of Florida and has paid benefits accordingly. No benefits have been either accepted or paid under the laws of the State of Alabama." In addition to Sunbelt's paying temporary-total-disability benefits under Florida law, it is undisputed that, following Paul's alleged accident of December 22, 2006, Sunbelt authorized Dr. Raymond Fletcher to treat Paul. On June 23, 2008, the trial court denied Sunbelt's motion to dismiss for lack of jurisdiction.
On June 26, 2008, Sunbelt filed its answer, asserting that it was without sufficient information to admit or deny that Paul had injured his spine on December 22, 2006, while working as a truck driver for Sunbelt. Sunbelt admitted that, at the time of its answer, it was paying Paul temporary-total-disability benefits under Florida's workers' compensation law.
On July 18, 2008, Paul filed with the trial court an "Emergency Motion to Compel Medical Authorization." That motion sought to compel Sunbelt "to permit its authorized treating physician[, Dr. Fletcher,] to provide medical procedures that the authorized treating physician has concluded are medically necessary." The motion was, in essence, a motion seeking to compel Sunbelt to provide Paul with medical treatment. Paul attached to his motion to compel an authenticated letter from Dr. Fletcher to Paul's attorney, stating:

*1140 "I am still providing medical care for [Paul]. The delay in surgical treatment has persisted. This delay in surgical treatment is expected to result in pain on a day-to-day basis as well as diminished functionality over the next several months. [Paul] is currently ambulating with a walker. Denial of surgical treatment will continue to have a negative impact on [Paul's] long-term outcome."
On July 18, 2008, the trial court entered an order granting Paul's motion to compel treatment. On July 22, 2008, Sunbelt moved the trial court to reconsider its order, and, on August 22, 2008, the trial court denied Sunbelt's motion. Sunbelt subsequently petitioned this court for a writ of mandamus, seeking to have this court vacate the trial court's order of July 18, 2008. This court heard oral arguments on this case on February 3, 2009.

Standard of Review
"`A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala. 1991).'"
Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). Section 12-3-10, Ala.Code 1975, grants this court appellate jurisdiction to issue extraordinary writs in workers' compensation cases. Ex parte Alabama Power Co., 863 So.2d 1099, 1101 (Ala.Civ.App.2003).

Discussion
Sunbelt argues that the trial court erred in granting Paul's motion to compel medical treatment because, Sunbelt says, Paul has not met his burden of proving that he sustained a work-related injury under the Act. Sunbelt contends that this case is controlled by this court's decision in Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala.Civ.App.2007). In that case, the employee sued her employer for workers' compensation benefits, alleging that she had injured her back in an accident at work. 963 So.2d at 656. The employee attached to her complaint medical records indicating that she had been treated for back pain following her alleged accident. Id. at 657. The employer answered, denying the material allegations of the complaint. After filing her complaint, the employee filed a "Motion to Compel Medical Treatment." Id. In that motion, the employee "requested that the court enter an order compelling the employer to provide her with medical and surgical treatment pursuant to the Act." Id. The trial court held a hearing on the motion to compel medical treatment, at which neither party submitted any evidence. The trial court subsequently granted the employee's motion, and the employer petitioned this court for a writ of mandamus, seeking to have the trial court's order vacated. Id.
In issuing the writ and ordering the trial court to vacate its order, this court stated:
"Section 25-5-77(a), Ala.Code 1975, provides that
"`the employer, where applicable, ... shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably *1141 necessary medical and surgical treatment and attention ... as the result of an accident arising out of and in the course of the employment, as may be obtained by the injured employee....'
"Standing alone, this subsection mandates that employers shall be financially responsible, subject to certain cost limitations, for the medical and surgical treatment obtained by an employee due to injuries received in an accident arising out of and in the course of the employee's employment. See, e.g., Gold Kist, Inc. v. Crouch, 671 So.2d 695 (Ala. Civ.App.1995). By implication, an employer would not be financially responsible for medical and surgical treatment obtained by an employee for conditions unrelated to an accident arising out of and in the course of the employee's employment. See, e.g., Boyd v. M. Kimerling & Sons, Inc., 628 So.2d 711 (Ala. Civ.App.1993).
"In case of a dispute as to the necessity of medical or surgical treatment, § 25-5-77(a), Ala.Code 1975, provides that the circuit court having jurisdiction over the compensation claim of the employee shall determine the controversy. The power of the trial court to determine the `necessity' of medical or surgical treatment naturally includes the power to determine whether the treatment is necessary due to injuries arising out of and in the course of the employee's employment or whether the treatment is necessitated by conditions unrelated to the employee's employment.
"Section 25-5-77 does not address the procedure to decide a dispute over the necessity of medical benefits. Section 25-5-88, Ala.Code 1975, however, states that either party to a controversy brought under the article of the Act providing for medical benefits may file a verified complaint in the circuit court that would have jurisdiction of an action between the same parties arising in tort; once the opposing party has been properly served, `said action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible.' That section further provides: `At the hearing... the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury ... shall decide the controversy.' Id.

"Pursuant to § 25-5-88, a controversy regarding the employer's obligation to pay for medical or surgical treatment obtained by an employee, just like any other controversy arising under the Act, is governed by the Alabama Rules of Civil Procedure, unless the Act provides some other procedure. See, e.g., Ex parte Vance, 900 So.2d 394, 398 n. 7 (Ala.2004); and Shop-A-Snak Food Mart, Inc. v. Penhale, 693 So.2d 479 (Ala.Civ.App.1997). We have not found, and the employee has not directed our attention to, any part of the Act that authorizes a circuit court with jurisdiction over a controversy regarding the necessity of medical benefits to decide, on a motion of the employee filed before a trial and a determination on the merits, that the employer is compelled to provide medical or surgical treatment to the employee. Likewise, our research has not revealed, and the employee has not cited, any cases interpreting the Act as authorizing such a procedure. Hence, we turn to the Alabama Rules of Civil Procedure.
"... In this case, the employee filed a motion with the court seeking an order *1142 requiring the employer to pay medical benefits pursuant to the Act. That motion may only be construed as a motion for a judgment on the merits that the employee was entitled to such benefits.
"The Alabama Rules of Civil Procedure recognize two forms of pretrial motions for a judgment. Rule 12(c), Ala. R. Civ. P., authorizes a party to file a motion for a judgment on the pleadings. A trial court may enter a judgment on such a motion when the allegations in the complaint and the averments in the answer show that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81 (Ala.2000). Rule 56, Ala. R. Civ. P., authorizes a party to file a motion for a summary judgment. A trial court may enter a judgment on such a motion when the pleadings and other evidentiary material show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.
"Our review of the record leads us to conclude that the trial court did not rely on either of those rules....
"....
"As stated by the employer in its briefs, it appears that the trial court deviated from the procedure established in the Act and the Alabama Rules of Civil Procedure by deciding a disputed issue of coverage based on a motion filed by the employee containing only a mere allegation that she had sustained a work-related accident that caused injuries requiring medical and surgical treatment. While the law encourages employers to provide medical benefits voluntarily, see Rule 409, Ala. R. Evid., nothing in the law requires employers to furnish medical benefits to an employee based on the mere allegation that the employee requires medical treatment because of a work-related injury. The employee bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained. Boyd, supra. ...
"Because neither the language of the Act nor the Alabama Rules of Civil Procedure authorize the procedure used by the trial court to decide the employer's obligation to provide medical benefits to the employee, we grant the petition for a writ of mandamus."
Ex parte Publix, 963 So.2d at 658-61.
We agree with Sunbelt that this case is controlled by our decision in Ex parte Publix. In this case, as in Ex parte Publix, there has been no adjudication determining that Paul's injury was caused by an accident arising out of and in the course of his employment. Although Sunbelt paid Paul temporary-total-disability benefits under Florida law, Sunbelt has not admitted or conceded that Paul's injury is compensable under the Act. Furthermore, we note that § 25-5-56, Ala.Code 1975, a part of the Act, provides, in pertinent part:
"All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments, on account of the compensation. In order to encourage advance payments, it is expressly provided that the payments shall not be construed as an admission of liability but shall be without prejudice."
Although we are sympathetic to Paul's condition, the Act does not authorize the trial court to compel payment for medical treatment before a determination of compensability. Ex parte Publix, 963 So.2d at *1143 659.[1] Accordingly, the trial court erred in entering the order compelling Sunbelt to pay for Paul's medical treatment.
Paul's motion to dismiss the petition is denied. Sunbelt's motion to strike is denied as moot.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, J., concur.
BRYAN and MOORE, JJ., concur specially.
THOMAS, J., dissents, with writing.
BRYAN, Judge, concurring specially.
Sunbelt correctly argues that Paul, at this stage of the proceedings, has failed to establish that his injury is compensable under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"). Sunbelt's admission of compensability under the workers' compensation law of Florida is not an admission under the Act. Although Florida law and the Act share some similarities, certainly those laws differ in some respects. Accordingly, Sunbelt may have had a good reason for readily admitting compensability under Florida law while not admitting compensability under the Act. Having said that, however, it appears to me that Sunbelt, after authorizing Paul to receive medical treatment from Dr. Fletcher and admitting compensability under Florida law, has essentially pulled the rug out from under Paul by failing to authorize Dr. Fletcher's continued treatment of Paul. However, I must begrudgingly agree with the main opinion that Sunbelt is not obligated to provide medical treatment to Paul absent a determination of compensability. See Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala.Civ.App.2007).
MOORE, Judge, concurring specially.
In Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala.Civ.App.2007), this court specifically held that, in cases in which an employer disputes its liability for medical benefits, a trial court may not award such benefits without first resolving that dispute. This court concluded that Ala.Code 1975, § 25-5-88, mandates that a trial court must resolve any controversy between the parties regarding a worker's entitlement to medical treatment in accordance with the Alabama Rules of Civil Procedure. 963 So.2d at 658-59. According to Publix, in disputed cases, a trial court cannot simply award medical benefits based on a mere allegation that, because of a work-related injury, the worker needs those benefits. 963 So.2d at 661. Thus, in Publix, this court granted the petition for a writ of mandamus filed by the employer and directed the trial court to vacate its order granting the worker medical benefits under Ala.Code 1975, § 25-5-77, because that order was entered solely on a "motion to compel" filed by the worker that did not satisfy the procedural requirements of a motion for a judgment on the pleadings under Rule 12, Ala. R. Civ. P., or a motion for a summary judgment under Rule 56, Ala. R. Civ. P. 963 So.2d at 659-61.
In this case, on November 15, 2007, Randall Paul ("the employee") filed a verified petition seeking workers' compensation benefits from Sunbelt Transport, Inc., and Patriot Transportation Holding, Inc. (collectively "the employer"). In his petition, *1144 the employee claimed that he had sustained injuries to his spine while performing the duties of a truck driver for the employer on December 22, 2006. In its answer, filed on June 26, 2008, the employer stated that it did not have sufficient information enabling it to admit or to deny that allegation. Pursuant to Rule 8(b), Ala. R. Civ. P., which applies to workers' compensation cases, see Ala.Code 1975, § 25-5-88, and Rule 81(a)(31), Ala. R. Civ. P., "[i]f a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state, and this has the effect of a denial." A denial of an allegation in the complaint creates a justiciable controversy between the parties regarding the matter alleged. See Morrow Drilling Co. v. Adkins, 597 So.2d 1365, 1366 (Ala.Civ.App. 1992) (trial court did not err in failing to dismiss complaint when employer denied worker was permanently and totally disabled, thus creating a justiciable controversy).
On July 18, 2008, the employee filed a motion to compel the employer to provide surgery to the employee. The employee attached to that motion the affidavit of Dr. Raymond Fletcher, the employee's authorized physician, in which Dr. Fletcher opined that any delay in surgery would cause the employee daily pain and diminished functionality for several months and that continued denial of surgery would negatively impact the employee's long-term outcome. The employee did not file any further evidence but, instead, simply relied on that affidavit and moved the court to compel the employer to provide the requested medical treatment. Approximately five hours after the employee electronically filed the motion to compel, the trial court, without a hearing, granted the motion.
On July 22, 2008, the employer filed a motion requesting that the trial court reconsider its order in light of the employer's effective denial in its answer to the employee's claim that he had injured his back in a work-related accident and this court's decision in Publix, supra. The employer specifically argued that it had controverted the compensability of the employee's claim and that its voluntary payment of temporary-total-disability benefits and providing of medical benefits could not be treated as an admission of liability for the surgery. See Ala.Code 1975, § 25-5-56. The employer asserted that the controversy over the employee's entitlement to surgery at the employer's expense could not be resolved by a motion to compel that was not in compliance with the procedure set out in Publix. The trial court denied the motion to reconsider on August 22, 2008, prompting the employer to file a petition for a writ of mandamus in this court.
In response to that petition, the employee points out that, at the time the trial court considered the motion to compel and the motion to reconsider, it had before it a motion to dismiss that was filed by the employer on May 29, 2008, along with a memorandum supporting that motion that was filed on June 9, 2008. In the motion to dismiss, the employer's attorney averred that the employer had not accepted the claim or paid benefits under Alabama law but, rather, had "accepted [the employee's] claim as compensable under the Workers' Compensation Laws of the State of Florida." The employer also attached to the memorandum the affidavit of Kevin Bruffett, the director of safety for the employer, which was signed on June 6, 2008, in which Bruffett attested that "[t]his claim has been accepted for workers' compensation benefits under the State of Florida. Payments have been made as provided by the workers' compensation laws of *1145 the State of Florida." The employer also attached to the memorandum a Florida Department of Financial Services Division of Workers' Compensation First Report of Injury form that had been filed by the employer, in which the employer voluntarily accepted the employee's claim as involving medical benefits and lost-time benefits as the result of a December 22, 2006, incident in which the employee had strained his lower middle back while pulling a tarp over his load.
The employee argues that the employer's admissions in the motion to dismiss and the materials filed in support of that motion nullify any controversy regarding the employee's right to medical benefits under Ala.Code 1975, § 25-5-77, and, thus, distinguishes this case from Publix. In other words, the employee would have us treat the admissions made by the employer in the motion to dismiss and the supporting materials as judicial admissions. A judicial admission has been defined as:
"`[a]n express waiver made in court or preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact.... This is what is commonly termed a solemni.e., ceremonial or formalor judicial admission or stipulation. It is, in truth, a substitute for evidence, in that it does away with the need for evidence.
"`....'
"... `It is of the nature of an admission, plainly, that it be by intention an act of waiver relating to the opponent's proof of the fact and not merely a statement of assertion or concession made for some independent purpose.'"
Liberty Nat'l Life Ins. Co. v. Daugherty, 840 So.2d 152, 161 (Ala.2002) (quoting 9 John Henry Wigmore, Evidence in Trials at Common Law §§ 2588 and 2594(2) (Chadbourn rev. ed.1981)). In order for a judicial admission to completely eliminate any controversy between the parties, it must be "`made for the express purpose of relieving [the opposing party] from establishing' an element of his claim or defense." George H. Lanier Mem'l Hosp. v. Andrews, 901 So.2d 714, 725 (Ala.2004) (quoting Cook v. Morton, 254 Ala. 112, 116, 47 So.2d 471, 475 (1950)).
In this case, the employer did not admit compensability under Florida law expressly for the purpose of relieving the employee of proving compensability under Alabama law. Rather, its sole purpose in making any statement regarding its acceptance of the claim under Florida law was to, in an effort to have the action dismissed, bolster its position that Alabama law did not apply to the claim. Any questions regarding the employer's intent were erased by the subsequent filing of its answer in which it effectively denied compensability by stating that it had insufficient information to admit that the employee had been injured as alleged,[2] thus placing the burden squarely on the employee to prove his allegations. Following the reasoning of the employee, that response in the answer would be completely negated by the earlier admissions of the employer.
Although the admissions made by the employer are not judicial stipulations that eliminated the need for the employee to prove the predicate to his recovery of medical benefits, they are not totally without *1146 legal import. Relevant admissions made by a party or a party's attorney in affidavits, pleadings, and motions may be used as evidence against the party to establish the facts admitted. See, generally, Cruze v. Davis, 693 So.2d 514, 516 (Ala.Civ.App. 1997); City of Gulf Shores v. Harbert Int'l, 608 So.2d 348 (Ala.1992); and Alabama Water Co. v. City of Anniston, 223 Ala. 355, 135 So. 585 (1930). Likewise, admissions made by an employer in a first report of injury have been used to prove the circumstances of a worker's injury. See W.T. Smith Lumber Co. v. Raines, 271 Ala. 671, 127 So.2d 619 (1961). The employee properly could have filed a motion for a summary judgment citing the admissions as evidence that there is no genuine issue of material fact regarding the compensability of the employee's claim. The key distinction, however, is that such evidentiary admissions are not conclusive against the party and may be explained, contradicted, or rebutted by other evidence. See 29A Am.Jur.2d Evidence § 785 (2008). We do not know whether the employer could have or would have presented contradictory evidence to establish a genuine issue of material fact because the employee did not file a motion for a summary judgment and, thus, never placed the burden on the employer to come forward with its counter evidence.
In summary, properly viewing the admissions as evidentiary, as opposed to judicial, in nature, the trial court could not have relied upon those admissions to determine that the parties were not at controversy over the compensability of the employee's injuries. Because a present controversy remained, the trial court had to resolve that dispute in accordance with the Rules of Civil Procedure before awarding the employee medical benefits. Like the trial court in Publix, the trial court in this case, by awarding the employee medical benefits on a "motion to compel," did not follow the Rules of Civil Procedure. Therefore, I concur that the petition for a writ of mandamus should be granted and that the order compelling the employer to provide the surgery for the employee should be vacated.
THOMAS, Judge, dissenting.
Because I would deny the petition for the writ of mandamus, I respectfully dissent. The majority of the court has decided to grant the petition and to issue the writ because, relying on Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala. Civ.App.2007), it believes that a compensability hearing should be held in this case before Sunbelt is required to pay for Randall Paul's surgery.
First, I believe this case is distinguishable from Ex parte Publix. In Publix, the employee sought to compel the employer to provide her with medical treatment based on the "mere allegation" that she was entitled to treatment. 963 So.2d at 661. The employer had denied the employee's workers' compensation claim from the outset of the litigation. Here, Sunbelt neither admitted nor denied, in its answer to Paul's complaint, that Paul had suffered a work-related injury, but it authorized Paul to be treated by Dr. Raymond Fletcher, an orthopedic surgeon in Baldwin County, and it paid for Paul's treatment by Dr. Fletcher. Although Sunbelt's payment of Paul's medical expenses cannot be construed as an admission of liability, it does indicate that Paul's treatment was obtained with Sunbelt's authorization. See Fluor Enters., Inc. v. Lawshe, 16 So.3d 96 (Ala.Civ.App.2009); 2 Terry A. Moore, Alabama Workers' Compensation § 17:16 at 32 (1998):
"[I]f the employer with full knowledge that the employee is seeing a physician fails to object thereto over a substantial period of time, it may be inferred that *1147 the employer approves of the physician for purposes of the statute requiring authorization."
Second, I believe that Sunbelt obviated the need for a compensability hearing in this case when it moved to dismiss Paul's complaint on May 29, 2008, and admitted that it had "accepted [Paul's] claim as compensable under the Workers' Compensation laws of the State of Florida and ha[d] paid benefits accordingly." With respect to the test for compensability, Florida law is essentially identical to Alabama law.[3] See § 440.02(19), Fla. Stat. (2006) (providing that "`[i]njury' means personal injury or death by accident arising out of and in the course of employment, and such diseases or infection as naturally or unavoidably result from such injury....") (emphasis added).
Florida courts, like Alabama courts, have held that the "arising out of" and "in the course of" requirements of the definition of "injury" are conjunctive, i.e., that both must be proved in order to establish compensability. See, e.g., Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla.1980); Southern Bell Tel. & Tel. Co. v. McCook, 355 So.2d 1166, 1169 (Fla.1977); Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193, 195 (Fla.1972); Fidelity & Cas. Co. of New York v. Moore, 143 Fla. 103, 105, 196 So. 495, 496 (1940); and Aloff v. Neff-Harmon, Inc., 463 So.2d 291, 295 (Fla. Dist.Ct.App.1984). An early Florida Supreme Court opinion explained:
"[F]or an injury to arise out of and in the course of one's employment, there must be some causal connection between the injury and the employment or it must have had its origin in some risk incidental to or connected with the employment or that it flowed from it as a natural consequence. Another definition widely approved is that the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it."
Fidelity & Cas. Co. of New York v. Moore, 143 Fla. at 105, 196 So. at 496.
In Moore, an automobile dealership maintained a 24-hour service for its customers and required Moore, an officer of the company and the manager of the parts department, to be available at any time. Moore left the dealership on a Sunday evening, took his wife home, and was on his way back to the dealership when his vehicle struck a tree. Moore died a few days later from the injuries he sustained in the collision. The Florida Industrial Commission awarded Moore's widow workmen's compensation benefits. The compensation carrier appealed to the circuit court, which affirmed the award. The *1148 Florida Supreme Court reversed the circuit court's judgment, holding that
"[w]hen the accident which resulted in Moore's death took place, he was on a mission purely personal to himself and wife and had no connection whatever with his employment; it did not flow from nor was it in any way incident to his employment.... [A]n employee is not covered by the Workmen's Compensation Act if injured on a personal mission.
".... This must be the rule, otherwise the requirement that the accident arise out of and in connection with the employment is meaningless. It is not questioned that the deceased was at the time of his death on a very laudable mission, but that does not bring it within the terms of the act. It took place on a Sunday evening when [Moore] was not responding to a business call and he was on a mission in no way connected with the business."
143 Fla. at 106, 196 So. at 496. The court also stated;
"Much is said in the briefs of counsel about the presumption indulged in by the Workmen's Compensation Act to the effect that in the absence of substantial evidence to the contrary, it will be presumed that the claim comes within the provision of the act, relieving the claimant of the burden of proving that the injury arose out of and in the course of the employment."
"That presumption has no application in this case. In the first place, it does not relieve against proving that the accident occurred and that it arose out of and in course of the employment. In the second place, we understand that this presumption is like all others, applicable only in the absence of evidence and that when substantial evidence of a fact is submitted, the presumption vanishes."
143 Fla. at 106-07, 196 So. at 497. The statutory presumption referred to in Moore was found at § 440.26, Fla. Stat. (1941), which provided:
"In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary
"(1) That the claim comes within the provisions of this chapter.
"(2) That sufficient notice of such claim has been given.
"(3) That the injury was not occasioned primarily by the intoxication of the injured employee.
"(4) That the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another."
That presumption was applied, in the main, to fatal unwitnessed accidents. See Olsen v. Winter Park Racquet Club, 142 So.2d 5 (Fla.1962)(caretaker of tennis court found dead in chlorinating room of employer's premises during working hours); Cone Bros. Contracting Co. v. Allbrook, 153 Fla. 829, 16 So.2d 61 (1943) (truck driver killed in collision with truck driven by co-employee); Sims Tire Serv. v. Parker, 146 Fla. 23, 200 So. 524 (1941) (employee fatally injured in automobile collision at night after leaving employer's place of business); Fidelity & Cas. Co. v. Moore, supra. See generally Annot., Workmen's Compensation: Presumption or Inference that Accidental Death of Employee Arose Out of and in the Course of Employment, 120 A.L.R. 683 (1939).
Section 440.26, Fla. Stat., however, was repealed effective July 1, 1990. See 1990 Fla. Laws c. 90-201, § 26; and 1991 Fla. Laws c. 91-1, § 24. With respect to the *1149 test for compensability, Florida law is now consistent with Alabama law.
It is undisputed that Dr. Fletcher recommended surgery for Paul and opined that
"delay in surgical treatment is expected to result in pain on a day-to-day basis as well as diminished functionality over the next several months.... Denial of surgical treatment will continue to have a negative impact on this patient's long-term outcome."
Although Dr. Fletcher did not explicitly state that the surgery he recommended for Paul was necessary to treat a condition caused by a work-related injury, Sunbelt has "accepted [Paul's] claim as compensable" and has paid for the treatment incident to Paul's injury, and, our cases have held, it may not now withdraw its authorization for Dr. Fletcher to continue treating Paul.
"The purpose of the medical provisions of the [Workers' Compensation] Act is to assure healing for the employee with physicians approved by the employer. The Sunnyland Foods[, Inc. v. Catrett, 395 So.2d 1005 (Ala.Civ.App.1980),] and City of Auburn [v. Brown, 638 So.2d 1339 (Ala.Civ.App.1993)], cases ... indicate that the employer cannot withdraw approval or dictate treatment once a provider has been approved."
Waffle House, Inc. v. Howard, 794 So.2d 1123, 1129-30 (Ala.Civ.App.2000).
NOTES
[1] We note that Paul could have moved for a partial summary judgment on the issue of the compensability of his injury. See, e.g., B E & K Constr. Co. v. Hayes, 666 So.2d 1, 2 (Ala. Civ.App.1995); and Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716, 717 (Ala.Civ.App. 1987).
[2] The employee makes no argument that the employer lacked substantial justification for its averment that it did not have sufficient information to admit or deny the compensability of the injury or that the employer's attorney was without knowledge, information, or belief that there was good ground for that response. Hence, we have not been asked to consider the effects of the filing of a sham denial of compensability on the Publix rule.
[3] In Rayburn v. State, 366 So.2d 708, 709-10 (Ala. 1979), the Alabama Supreme Court stated:

"All appellate courts must, through research, obtain knowledge of their own state's legislative acts and judicial decisions in order to interpret statutes and apply the law to the facts. This is not `judicial notice,' as that term is used in the law of evidence, but may be more properly characterized as `judicial knowledge' gained through research. The determination of what is the forum state's law is a fundamental part of the judicial function.
"There is no justification, other than the notice requirements of Rule 44.1, [Ala. R. Civ. P.], for treating a question of a foreign state's law any differently from a question of the laws of Alabama. Committee Comment, Rule 44.1, [Ala. R. Civ. P.]. See C. Wright & A. Miller, [Federal Practice and Procedure: Civil] § 2446 [(1971)]. Determination of foreign law, like any other question of law before an appellate court, may be resolved by reference to the foreign state's statutory and case law."