PER CURIAM.
Sunbelt Transport, Inc., and Patriot Transportation Holding, Inc. (collectively “Sunbelt”), petition this court for a writ of mandamus ordering the trial court to vacate an order granting an “Emergency Motion to Compel Medical Authorization” filed by Randall Paul. We grant the petition and issue the writ.

Procedural History and Factual Background

On November 15, 2007, Paul sued Sunbelt, seeking workers’ compensation benefits under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”). In his complaint, Paul alleged that he had injured his spine in an accident on December 22, 2006, while working as a truck driver for Sunbelt. Paul further alleged that he was permanently and totally disabled as a result of the alleged work-related injury.
On May 29, 2008, Sunbelt filed a motion seeking to dismiss Paul’s action for lack of jurisdiction. Sunbelt’s motion stated that “[Sunbelt] has accepted [Paul’s] claim as compensable under the Workers’ Compensation laws of the State of Florida and has paid benefits accordingly. No benefits have been either accepted or paid under the laws of the State of Alabama.” In addition to Sunbelt’s paying temporary-total-disability benefits under Florida law, it is undisputed that, following Paul’s alleged accident of December 22, 2006, Sunbelt authorized Dr. Raymond Fletcher to treat Paul. On June 23, 2008, the trial court denied Sunbelt’s motion to dismiss for lack of jurisdiction.
On June 26, 2008, Sunbelt filed its answer, asserting that it was without sufficient information to admit or deny that Paul had injured his spine on December 22, 2006, while working as a truck driver for Sunbelt. Sunbelt admitted that, at the time of its answer, it was paying Paul temporary-total-disability benefits under Florida’s workers’ compensation law.
On July 18, 2008, Paul filed with the trial court an “Emergency Motion to Compel Medical Authorization.” That motion sought to compel Sunbelt “to permit its authorized treating physician[, Dr. Fletcher,] to provide medical procedures that the authorized treating physician has concluded are medically necessary.” The motion was, in essence, a motion seeking to compel Sunbelt to provide Paul with medical treatment. Paul attached to his motion to compel an authenticated letter from Dr. Fletcher to Paul’s attorney, stating:
*1140 “I am still providing medical care for [Paul]. The delay in surgical treatment has persisted. This delay in surgical treatment is expected to result in pain on a day-to-day basis as well as diminished functionality over the next several months. [Paul] is currently ambulating with a walker. Denial of surgical treatment will continue to have a negative impact on [Paul’s] long-term outcome.”
On July 18, 2008, the trial court entered an order granting Paul’s motion to compel treatment. On July 22, 2008, Sunbelt moved the trial court to reconsider its order, and, on August 22, 2008, the trial court denied Sunbelt’s motion. Sunbelt subsequently petitioned this court for a writ of mandamus, seeking to have this court vacate the trial court’s order of July 18, 2008. This court heard oral arguments on this case on February 3, 2009.

Standard of Review

“ ‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).’ ”
Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). Section 12-3-10, Ala.Code 1975, grants this court appellate jurisdiction to issue extraordinary writs in workers’ compensation cases. Ex parte Alabama Power Co., 863 So.2d 1099, 1101 (Ala.Civ.App.2003).

Discussion

Sunbelt argues that the trial court erred in granting Paul’s motion to compel medical treatment because, Sunbelt says, Paul has not met his burden of proving that he sustained a work-related injury under the Act. Sunbelt contends that this case is controlled by this court’s decision in Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala.Civ.App.2007). In that case, the employee sued her employer for workers’ compensation benefits, alleging that she had injured her back in an accident at work. 963 So.2d at 656. The employee attached to her complaint medical records indicating that she had been treated for back pain following her alleged accident. Id. at 657. The employer answered, denying the material allegations of the complaint. After filing her complaint, the employee filed a “Motion to Compel Medical Treatment.” Id. In that motion, the employee “requested that the court enter an order compelling the employer to provide her with medical and surgical treatment pursuant to the Act.” Id. The trial court held a hearing on the motion to compel medical treatment, at which neither party submitted any evidence. The trial court subsequently granted the employee’s motion, and the employer petitioned this court for a writ of mandamus, seeking to have the trial court’s order vacated. Id.
In issuing the writ and ordering the trial court to vacate its order, this court stated:
“Section 25-5-77(a), Ala.Code 1975, provides that
“ ‘the employer, where applicable, ... shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of rea *1141 sonably necessary medical and surgical treatment and attention ... as the result of an accident arising out of and in the course of the employment, as may be obtained by the injured employee .... ’
“Standing alone, this subsection mandates that employers shall be financially responsible, subject to certain cost limitations, for the medical and surgical treatment obtained by an employee due to injuries received in an accident arising out of and in the course of the employee’s employment. See, e.g., Gold Kist, Inc. v. Crouch, 671 So.2d 695 (Ala.Civ.App.1995). By implication, an employer would not be financially responsible for medical and surgical treatment obtained by an employee for conditions unrelated to an accident arising out of and in the course of the employee’s employment. See, e.g., Boyd v. M. Kimerling & Sons, Inc., 628 So.2d 711 (Ala.Civ.App.1993).
“In case of a dispute as to the necessity of medical or surgical treatment, § 25-5-77(a), Ala.Code 1975, provides that the circuit court having jurisdiction over the compensation claim of the employee shall determine the controversy. The power of the trial court to determine the ‘necessity[1] of medical or surgical treatment naturally includes the power to determine whether the treatment is necessary due to injuries arising out of and in the course of the employee’s employment or whether the treatment is necessitated by conditions unrelated to the employee’s employment.
“Section 25-5-77 does not address the procedure to decide a dispute over the necessity of medical benefits. Section 25-5-88, Ala.Code 1975, however, states that either party to a controversy brought under the article of the Act providing for medical benefits may file a verified complaint in the circuit court that would have jurisdiction of an action between the same parties arising in tort; once the opposing party has been properly served, ‘said action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible.’ That section further provides: ‘At the hearing ... the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury ... shall decide the controversy.’ Id.
“Pursuant to § 25-5-88, a controversy regarding the employer’s obligation to pay for medical or surgical treatment obtained by an employee, just like any other controversy arising under the Act, is governed by the Alabama Rules of Civil Procedure, unless the Act provides some other procedure. See, e.g., Ex parte Vance, 900 So.2d 394, 398 n. 7 (Ala.2004); and Shop-A-Snak Food Mart, Inc. v. Penhale, 693 So.2d 479 (Ala.Civ.App.1997). We have not found, and the employee has not directed our attention to, any part of the Act that authorizes a circuit court with jurisdiction over a controversy regarding the necessity of medical benefits to decide, on a motion of the employee filed before a trial and a determination on the merits, that the employer is compelled to provide medical or surgical treatment to the employee. Likewise, our research has not revealed, and the employee has not cited, any cases interpreting the Act as authorizing such a procedure. Hence, we turn to the Alabama Rules of Civil Procedure.
“... In this case, the employee filed a motion with the court seeking an order *1142 requiring the employer to pay medical benefits pursuant to the Act. That motion may only be construed as a motion for a judgment on the merits that the employee was entitled to such benefits.
“The Alabama Rules of Civil Procedure recognize two forms of pretrial motions for a judgment. Rule 12(c), Ala. R. Civ. P., authorizes a party to file a motion for a judgment on the pleadings. A trial court may enter a judgment on such a motion when the allegations in the complaint and the averments in the answer show that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81 (Ala.2000). Rule 56, Ala. R. Civ. P., authorizes a party to file a motion for a summary judgment. A trial court may enter a judgment on such a motion when the pleadings and other evidentiary material show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.
“Our review of the record leads us to conclude that the trial court did not rely on either of those rules....
[[Image here]]
“As stated by the employer in its briefs, it appears that the trial court deviated from the procedure established in the Act and the Alabama Rules of Civil Procedure by deciding a disputed issue of coverage based on a motion filed by the employee containing only a mere allegation that she had sustained a work-related accident that caused injuries requiring medical and surgical treatment. While the law encourages employers to provide medical benefits voluntarily, see Rule 409, Ala. R. Evid., nothing in the law requires employers to furnish medical benefits to an employee based on the mere allegation that the employee requires medical treatment because of a work-related injury. The employee bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained. Boyd, supra....
“Because neither the language of the Act nor the Alabama Rules of Civil Procedure authorize the procedure used by the trial court to decide the employer’s obligation to provide medical benefits to the employee, we grant the petition for a writ of mandamus.”
Ex parte Publix, 963 So.2d at 658-61.
We agree with Sunbelt that this case is controlled by our decision in Ex parte Publix. In this case, as in Ex parte Publix, there has been no adjudication determining that Paul’s injury was caused by an accident arising out of and in the course of his employment. Although Sunbelt paid Paul temporary-total-disability benefits under Florida law, Sunbelt has not admitted or conceded that Paul’s injury is com-pensable under the Act. Furthermore, we note that § 25-5-56, Ala.Code 1975, a part of the Act, provides, in pertinent part:
“All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments, on account of the compensation. In order to encourage advance payments, it is expressly provided that the payments shall not be construed as an admission of liability but shall be without prejudice.”
Although we are sympathetic to Paul’s condition, the Act does not authorize the trial court to compel payment for medical treatment before a determination of com-pensability. Ex parte Publix, 963 So.2d at *1143 659.[1] Accordingly, the trial court erred in entering the order compelling Sunbelt to pay for Paul’s medical treatment.
Paul’s motion to dismiss the petition is denied. Sunbelt’s motion to strike is denied as moot.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, J., concur.
BRYAN and MOORE, JJ., concur specially.
THOMAS, J., dissents, with writing.

. We note that Paul could have moved for a partial summary judgment on the issue of the compensability of his injury. See, e.g., B E & K Constr. Co. v. Hayes, 666 So.2d 1, 2 (Ala.Civ.App.1995); and Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716, 717 (Ala.Civ.App.1987).