MOORE, Judge,
concurring specially.
In Ex parte Publix Super Markets, Inc., 968 So.2d 654 (Ala.Civ.App.2007), this court specifically held that, in cases in which an employer disputes its liability for medical benefits, a trial court may not award such benefits without first resolving that dispute. This court concluded that Ala.Code 1975, § 25-5-88, mandates that a trial court must resolve any controversy between the parties regarding a worker’s entitlement to medical treatment in accordance with the Alabama Rules of Civil Procedure. 963 So.2d at 658-59. According to Publix, in disputed cases, a trial court cannot simply award medical benefits based on a mere allegation that, because of a work-related injury, the worker needs those benefits. 963 So.2d at 661. Thus, in Publix, this court granted the petition for a writ of mandamus filed by the employer and directed the trial court to vacate its order granting the worker medical benefits under Ala.Code 1975, § 25-5-77, because that order was entered solely on a “motion to compel” filed by the worker that did not satisfy the procedural requirements of a motion for a judgment on the pleadings under Rule 12, Ala. R. Civ. P., or a motion for a summary judgment under Rule 56, Ala. R. Civ. P. 963 So.2d at 659-61.
In this case, on November 15, 2007, Randall Paul (“the employee”) filed a verified petition seeking workers’ compensation benefits from Sunbelt Transport, Inc., and Patriot Transportation Holding, Inc. (collectively “the employer”). In his peti *1144 tion, the employee claimed that he had sustained injuries to his spine while performing the duties of a truck driver for the employer on December 22, 2006. In its answer, filed on June 26, 2008, the employer stated that it did not have sufficient information enabling it to admit or to deny that allegation. Pursuant to Rule 8(b), Ala. R. Civ. P., which applies to workers’ compensation cases, see Ala.Code 1975, § 25-5-88, and Rule 81(a)(31), Ala. R. Civ. P., “[i]f a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state, and this has the effect of a denial.” A denial of an allegation in the complaint creates a justiciable controversy between the parties regarding the matter alleged. See Morrow Drilling Co. v. Adkins, 597 So.2d 1365, 1366 (Ala.Civ.App.1992) (trial court did not err in failing to dismiss complaint when employer denied worker was permanently and totally disabled, thus creating a justiciable controversy).
On July 18, 2008, the employee filed a motion to compel the employer to provide surgery to the employee. The employee attached to that motion the affidavit of Dr. Raymond Fletcher, the employee’s authorized physician, in which Dr. Fletcher opined that any delay in surgery would cause the employee daily pain and diminished functionality for several months and that continued denial of surgery would negatively impact the employee’s long-term outcome. The employee did not file any further evidence but, instead, simply relied on that affidavit and moved the court to compel the employer to provide the requested medical treatment. Approximately five hours after the employee electronically filed the motion to compel, the trial court, without a hearing, granted the motion.
On July 22, 2008, the employer filed a motion requesting that the trial court reconsider its order in light of the employer’s effective denial in its answer to the employee’s claim that he had injured his back in a work-related accident and this court’s decision in Publix, supra. The employer specifically argued that it had controverted the compensability of the employee’s claim and that its voluntary payment of temporary-total-disability benefits and providing of medical benefits could not be treated as an admission of liability for the surgery. See Ala.Code 1975, § 25-5-56. The employer asserted that the controversy over the employee’s entitlement to surgery at the employer’s expense could not be resolved by a motion to compel that was not in compliance with the procedure set out in Publix. The trial court denied the motion to reconsider on August 22, 2008, prompting the employer to file a petition for a writ of mandamus in this court.
In response to that petition, the employee points out that, at the time the trial court considered the motion to compel and the motion to reconsider, it had before it a motion to dismiss that was filed by the employer on May 29, 2008, along with a memorandum supporting that motion that was filed on June 9, 2008. In the motion to dismiss, the employer’s attorney averred that the employer had not accepted the claim or paid benefits under Alabama law but, rather, had “accepted [the employee’s] claim as compensable under the Workers’ Compensation Laws of the State of Florida.” The employer also attached to the memorandum the affidavit of Kevin Bruffett, the director of safety for the employer, which was signed on June 6, 2008, in which Bruffett attested that “[t]his claim has been accepted for workers’ compensation benefits under the State of Florida. Payments have been made as provided by the workers’ compensation laws of *1145 the State of Florida.” The employer also attached to the memorandum a Florida Department of Financial Services Division of Workers’ Compensation First Report of Injury form that had been filed by the employer, in which the employer voluntarily accepted the employee’s claim as involving medical benefits and lost-time benefits as the result of a December 22, 2006, incident in which the employee had strained his lower middle back while pulling a tarp over his load.
The employee argues that the employer’s admissions in the motion to dismiss and the materials filed in support of that motion nullify any controversy regarding the employee’s right to medical benefits under AIa.Code 1975, § 25-5-77, and, thus, distinguishes this case from Publix. In other words, the employee would have us treat the admissions made by the employer in the motion to dismiss and the supporting materials as judicial admissions. A judicial admission has been defined as:
“ ‘[a]n express waiver made in court or preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact.... This is what is commonly termed a solemn — i.e., ceremonial or formal — or judicial admission or stipulation. It is, in truth, a substitute for evidence, in that it does away with the need for evidence.
[[Image here]]
“... ‘It is of the nature of an admission, plainly, that it be by intention an act of waiver relating to the opponent’s proof of the fact and not merely a statement of assertion or concession made for some independent purpose.’ ”
Liberty Nat’l Life Ins. Co. v. Daugherty, 840 So.2d 152, 161 (Ala.2002) (quoting 9 John Henry Wigmore, Evidence in Trials at Common Law §§ 2588 and 2594(2) (Chadbourn rev. ed.1981)). In order for a judicial admission to completely eliminate any controversy between the parties, it must be “ ‘made for the express purpose of relieving [the opposing party] from establishing’ an element of his claim or defense.” George H. Lanier Mem’l Hosp. v. Andrews, 901 So.2d 714, 725 (Ala.2004) (quoting Cook v. Morton, 254 Ala. 112, 116, 47 So.2d 471, 475 (1950)).
In this case, the employer did not admit compensability under Florida law expressly for the purpose of relieving the employee of proving compensability under Alabama law. Rather, its sole purpose in making any statement regarding its acceptance of the claim under Florida law was to, in an effort to have the action dismissed, bolster its position that Alabama law did not apply to the claim. Any questions regarding the employer’s intent were erased by the subsequent filing of its answer in which it effectively denied compensability by stating that it had insufficient information to admit that the employee had been injured as alleged,[2] thus placing the burden squarely on the employee to prove his allegations. Following the reasoning of the employee, that response in the answer would be completely negated by the earlier admissions of the employer.
Although the admissions made by the employer are not judicial stipulations that eliminated the need for the employee to prove the predicate to his recovery of medical benefits, they are not totally without *1146 legal import. Relevant admissions made by a party or a party’s attorney in affidavits, pleadings, and motions may be used as evidence against the party to establish the facts admitted. See, generally, Craze v. Davis, 693 So.2d 514, 516 (Ala.Civ.App.1997); City of Gulf Shores v. Harbert Int’l, 608 So.2d 348 (Ala.1992); and Alabama Water Co. v. City of Anniston, 223 Ala. 355, 135 So. 585 (1930). Likewise, admissions made by an employer in a first report of injury have been used to prove the circumstances of a worker’s injury. See W.T. Smith Lumber Co. v. Raines, 271 Ala. 671, 127 So.2d 619 (1961). The employee properly could have filed a motion for a summary judgment citing the admissions as evidence that there is no genuine issue of material fact regarding the com-pensability of the employee’s claim. The key distinction, however, is that such evi-dentiary admissions are not conclusive against the party and may be explained, contradicted, or rebutted by other evidence. See 29A Am.Jur.2d Evidence § 785 (2008). We do not know whether the employer could have or would have presented contradictory evidence to establish a genuine issue of material fact because the employee did not file a motion for a summary judgment and, thus, never placed the burden on the employer to come forward with its counter evidence.
In summary, properly viewing the admissions as evidentiary, as opposed to judicial, in nature, the trial court could not have relied upon those admissions to determine that the parties were not at controversy over the compensability of the employee’s injuries. Because a present controversy remained, the trial court had to resolve that dispute in accordance with the Rules of Civil Procedure before awarding the employee medical benefits. Like the trial court in Publix, the trial court in this case, by awarding the employee medical benefits on a “motion to compel,” did not follow the Rules of Civil Procedui*e. Therefore, I concur that the petition for a writ of mandamus should be granted and that the order compelling the employer to provide the surgery for the employee should be vacated.

. The employee makes no argument that the employer lacked substantial justification for its averment that it did not have sufficient information to admit or deny the compensa-bility of the injury or that the employer's attorney was without knowledge, information, or belief that there was good ground for that response. Hence, we have not been asked to consider the effects of the filing of a sham denial of compensability on the Publix rule.