963 So.2d 654 (2007)
Ex parte PUBLIX SUPER MARKETS, INC.
(In re Frances Lukich
v.
Publix Super Markets, Inc.)
2060092.
Court of Civil Appeals of Alabama.
March 9, 2007.
*655 Kyle L. Kinney, Wendy F. Pope, and John B. Welch of Gaines, Wolter & Kinney, P.C., Birmingham, for petitioner.
Christopher J. Zulanas and Michael J. Douglas of Friedman, Leak, Dazzio, Zulanas & Bowling, P.C., Birmingham, for respondent.
MOORE, Judge.
Publix Super Markets, Inc. ("the employer"), the defendant in a pending action brought by Frances Lukich ("the employee") pursuant to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"), petitions for a writ of mandamus directing the Jefferson Circuit Court to rescind an order compelling the employer to provide the employee with medical treatment. For the reasons stated herein, we grant the petition and issue the writ.

I.
On August 24, 2005, the employee visited the Brookwood Medical Center due to back pain. She told the attending physician, Dr. Leah Daggett, that she had picked up a box of bottled water while at work three and one-half weeks earlier and had noticed pain immediately radiating around her lower rib cage. The pain had persisted and the employee had developed a productive cough. She had been admitted to another hospital where a CT angiogram of her chest reportedly showed scarring of her lungs with no pulmonary embolism. She had also visited a Dr. Morgan on August 22, 2005, and he had ordered a bone scan, which showed an abnormality in the thoracic spine, prompting him to order an MRI scan of her spine. On August 23, 2005, after falling to her knees without any obvious injury, the employee had reported to the Brookwood Medical Center emergency room. Various medications had not affected her severe back pain.
*656 Dr. Daggett examined the employee, finding palpable tenderness over the thoracic spine at the T9-T10 level. The doctor diagnosed thoracic pain with abnormal bone scan, which may represent degenerative joint disease or multilevel compression fractures. The doctor also opined that the employee may have osteoporosis or a pathological process of the spine as well. The doctor admitted the employee to the hospital, prescribed medications for her condition, and ordered an MRI of the thoracic spine.
On August 31, 2005, Specialty Risk Services, LLC ("SRS"), the third-party workers' compensation administrator for the employer, wrote the employee a letter stating, in pertinent part:
"Dear Ms. Lukich:
"I hope this letter finds you doing well. Our office has received notice of . . . your . . . claim. The claim that was submitted by your employer, Publix is under investigation.
"Please give me a call at your earliest convenience.
"Please sign and return the medical authorization that has been mailed to you, please include a list of all medical providers including addresses with whom you have had medical treatment within the past ten years. Once we have this, we will order your medical records & evaluate your claim.
". . . .
"Once a decision is reached on your claim, you will be notified."
On September 1, 2005, Dr. Daggett wrote a letter addressed to "To Whom It May Concern" in which she stated:
"Frances Lukich was admitted to my care on August 24, 2005 with a three and half-week history of severe mid back pain, which she related to picking up a box of bottled water while at work. Upon picking up the water she immediately noticed pain, which was treated by her physician with medication without improvement. After an increase in the severity of her pain she was seen in the Brookwood Medical Center Emergency Room and released with a prescription, which was ineffective in treating her pain. She was then admitted to Brookwood Medical Center."
On February 15, 2006, SRS wrote Lukich another letter in which the claims consultant wrote:
"We have received and reviewed the information regarding the claim that was submitted by your employer, Publix. In addition, we have reviewed the medical records obtained from several medical providers. In reviewing this information, we are not able to confirm that an injury occurred within your employment at Publix nor that your condition is related to your employment. Based on the information available, we are not able to accept this claim as compensable under the Alabama Workers' Compensation [Act]. Therefore, I must respectfully deny this claim."
Apparently unable to resolve the dispute, the employee filed a verified complaint in the Jefferson Circuit Court on April 27, 2006. In that complaint, the employee alleged that in early August 2005, "while working in the line and scope of her employment, [the employee] injured her back while lifting a case of bottled water." The employee further alleged that she had properly notified the employer of the accident and that she had become permanently and totally disabled because of the injuries she had sustained. The employee specifically averred that she had obtained medical treatment, including surgery, and that she continued to require medical treatment because of her injuries. The employee asserted that she *657 had notified SRS "to determine if her injury was covered under worker's compensation" but that SRS had denied her claim on February 15, 2006, despite having Dr. Daggett's report and letter. The employee demanded a judgment against the employer, seeking, among other things, "medical expenses and benefits to which [the employee] is entitled to under the workers' compensation law under the State of Alabama." The employee attached to her complaint the medical records and letters referenced above.
On June 2, 2006, the employer filed an answer to the complaint, denying all its material allegations and demanding strict proof thereof.
On August 16, 2006, the employee filed a "Motion to Compel Medical Treatment." In that motion, the employee basically restated the allegations contained in her complaint and requested that the court enter an order compelling the employer to provide her with medical and surgical treatment pursuant to the Act. The employer filed a response to the motion on August 18, 2006, in which it asserted that the motion should be denied because (1) the parties were in the midst of discovery and, therefore, the issue whether medical benefits were owed was not ripe for hearing and (2) the employee had not offered the court any evidence indicating that she had sustained a covered injury.
The trial court conducted a hearing on the motion to compel medical treatment on August 21, 2006. At that hearing, neither party introduced any evidence or called any witnesses; instead the parties relied on the pleadings submitted to the court and the arguments of counsel. On September 15, 2006, the trial court entered an order granting the motion to compel without further comment. The employer timely filed its petition for a writ of mandamus to this court on October 27, 2006, requesting that this court vacate the order granting the motion to compel.

II.
A writ of mandamus is an extraordinary remedy, and it will be issued only when there is:
"`"`1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991)."'"
Ex parte Fort James Operating Co., 905 So.2d 836, 842 (Ala.Civ.App.2004) (quoting Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002), quoting in turn Ex parte Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998)).
Section 12-3-10, Ala.Code 1975, vests this court with appellate jurisdiction to issue extraordinary writs in workers' compensation actions. See Ex parte Alabama Power Co., 863 So.2d 1099 (Ala.Civ.App. 2003). The employer has properly invoked that jurisdiction by timely filing its petition for a writ of mandamus within a reasonable time following the entry of the order of which it complains. See Rule 21(a)(3), Ala. R.App. P. (requiring the filing of a petition for the writ of mandamus within a reasonable time and establishing "the time for taking an appeal" as a presumptively reasonable time).
This court has exercised its jurisdiction to issue writs of mandamus in workers' compensation actions mainly in *658 cases in which the trial court has entered an order wholly without statutory authority or in direct contravention of the language of the Act. See, e.g., Ex parte Brookwood Med. Ctr., Inc., 895 So.2d 1000 (Ala.Civ.App.2004). We recognize that an action brought under the workers' compensation laws is purely statutory in nature. Fort James Operating Co. v. Irby, 911 So.2d 727, 734 (Ala.Civ.App.2005) (citing Slagle v. Reynolds Metals Co., 344 So.2d 1216, 1217 (Ala.1977)). The Act is a specific and comprehensive system of law for dealing with workplace injuries and "`creates rights . . . remedies . . . and procedures all [its] own.'" Davis v. Fayette County Comm'n, 831 So.2d 50, 53 (Ala.Civ. App.2002) (quoting Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796, 798 (1968)). Generally speaking, therefore, the rights and remedies available to the affected parties must be found within the provisions of the Act. See Hedgemon v. United Parcel Serv., Inc., 832 So.2d 656 (Ala.Civ.App. 2002). Thus, in a workers' compensation action, when a trial court exercises power not explicitly granted by the Act or necessarily implied by its terms, this court will issue a writ of mandamus to correct that error. See Ex parte Brookwood Med. Ctr., Inc., supra; Ex parte Alabama Power Co., supra; Ex parte Wal-Mart Stores, Inc., 794 So.2d 1085 (Ala.2001); and Ex parte Smitherman Bros. Trucking, Inc., 751 So.2d 1232 (Ala.1999).

III.
Section 25-5-77(a), Ala.Code 1975, provides that
"the employer, where applicable, . . . shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably necessary medical and surgical treatment and attention . . . as the result of an accident arising out of and in the course of the employment, as may be obtained by the injured employee. . . . "
Standing alone, this subsection mandates that employers shall be financially responsible, subject to certain cost limitations, for the medical and surgical treatment obtained by an employee due to injuries received in an accident arising out of and in the course of the employee's employment. See, e.g., Gold Kist, Inc. v. Crouch, 671 So.2d 695 (Ala.Civ.App.1995). By implication, an employer would not be financially responsible for medical and surgical treatment obtained by an employee for conditions unrelated to an accident arising out of and in the course of the employee's employment. See, e.g., Boyd v. M. Kimerling & Sons, Inc., 628 So.2d 711 (Ala.Civ. App.1993).
In case of a dispute as to the necessity of medical or surgical treatment, § 25-5-77(a), Ala.Code 1975, provides that the circuit court having jurisdiction over the compensation claim of the employee shall determine the controversy. The power of the trial court to determine the "necessity" of medical or surgical treatment naturally includes the power to determine whether the treatment is necessary due to injuries arising out of and in the course of the employee's employment or whether the treatment is necessitated by conditions unrelated to the employee's employment.
Section 25-5-77 does not address the procedure to decide a dispute over the necessity of medical benefits. Section 25-5-88, Ala.Code 1975, however, states that either party to a controversy brought under the article of the Act providing for medical benefits may file a verified complaint in the circuit court that would have jurisdiction of an action between the same parties arising in tort; once the opposing party has been properly served, "said action shall proceed in accordance with and shall be governed by the same rules and *659 statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible." That section further provides: "At the hearing . . . the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury . . . shall decide the controversy." Id.
Pursuant to § 25-5-88, a controversy regarding the employer's obligation to pay for medical or surgical treatment obtained by an employee, just like any other controversy arising under the Act, is governed by the Alabama Rules of Civil Procedure, unless the Act provides some other procedure. See, e.g., Ex parte Vance, 900 So.2d 394, 398 n. 7 (Ala.2004); and Shop-A-Snak Food Mart, Inc. v. Penhale, 693 So.2d 479 (Ala.Civ.App.1997). We have not found, and the employee has not directed our attention to, any part of the Act that authorizes a circuit court with jurisdiction over a controversy regarding the necessity of medical benefits to decide, on a motion of the employee filed before a trial and a determination on the merits, that the employer is compelled to provide medical or surgical treatment to the employee. Likewise, our research has not revealed, and the employee has not cited, any cases interpreting the Act as authorizing such a procedure. Hence, we turn to the Alabama Rules of Civil Procedure.
The only reference to a "motion to compel" in the Alabama Rules of Civil Procedure can be found in Rule 37, Ala. R. Civ. P. That rule authorizes a court in a civil action to enter an order compelling discovery under certain conditions. That rule, of course, has no application to this case. Nevertheless, it is the substance, not the title, of a motion that determines its character. Moore v. Graham, 590 So.2d 293 (Ala.Civ.App.1991). In this case, the employee filed a motion with the court seeking an order requiring the employer to pay medical benefits pursuant to the Act. That motion may only be construed as a motion for a judgment on the merits that the employee was entitled to such benefits.
The Alabama Rules of Civil Procedure recognize two forms of pretrial motions for a judgment. Rule 12(c), Ala. R. Civ. P., authorizes a party to file a motion for a judgment on the pleadings. A trial court may enter a judgment on such a motion when the allegations in the complaint and the averments in the answer show that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81 (Ala.2000). Rule 56, Ala. R. Civ. P., authorizes a party to file a motion for a summary judgment. A trial court may enter a judgment on such a motion when the pleadings and other evidentiary material show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.
Our review of the record leads us to conclude that the trial court did not rely on either of those rules. The trial court could not have construed the motion to compel as being a motion for a judgment on the pleadings because the pleadings disclosed a genuine justiciable controversy between the parties concerning whether the medical and surgical treatment obtained by the employee was necessitated by injuries arising out of and in the course of her employment. In the complaint, the employee alleged that she had injured her back at work while picking up a box of bottled water and that she had obtained medical and surgical treatment for that injury. In its answer, the employer denied that the employee had sustained any work-related *660 injury. The employer also denied that the employee required medical and surgical treatment because of her alleged work-related injuries.
Even if the trial court considered the materials attached to the complaint, see Thompson, 776 So.2d at 83 (noting that in some instances a trial court may consider material attached to a complaint when ruling on a motion for a judgment on the pleadings without converting the motion into one for a summary judgment), it could not have entered a judgment for the employee because those materials disclosed a genuine controversy between the parties. The medical records and the letter from Dr. Daggett show that the employee told Dr. Daggett that she had noticed pain in her mid-back region after picking up a box of bottled water at some workplace and that the doctor believed the pain could be from any number of causes. The letters from SRS indicate that the employer disputed the employee's claim that she had hurt herself while working for the employer and that the employer further disputed that the employee's back condition resulted from her alleged workplace accident.
Likewise, the trial court obviously did not treat the motion as a motion for a summary judgment. Rule 56 states that a motion for a summary judgment "shall be supported by a narrative summary of what the movant contends to be the undisputed material facts." Rule 56(c)(1), Ala. R. Civ. P. The employee did not comply with that requirement. See Northwest Florida Truss, Inc. v. Baldwin County Comm'n, 782 So.2d 274 (Ala.2000) (a motion for a summary judgment that did not include a narrative summary of undisputed material facts could not be considered). The rule further provides that any hearing on a summary-judgment motion generally must take place 10 days after service of the motion and supporting material on the opposing party. Rule 56(c)(2), Ala. R. Civ. P. In this case, the trial court conducted a hearing on the "motion to compel" only five days after it was filed.
Even if these procedural oversights could be excused, the trial court would have had to deny any motion for a summary judgment because the employee utterly failed to present substantial evidence establishing a prima facie case that no genuine issue of material fact existed. See Infinity Ins. Co. v. Gibson, 765 So.2d 3 (Ala.Civ.App.1999) (movant has burden of proving prima facie case showing that no genuine issue of material fact exists). At best, the employee presented evidence indicating that she told her doctor that she hurt her back at some work site; that her doctor attributed her pain to several possible sources; and that the employer's workers' compensation adjuster disputed that any injury had occurred at the employer's work site or that such injury had contributed to the employee's back problem. Despite the employee's contention to the contrary, the employer did not admit in the August 31, 2005, letter that the employee had sustained a covered back injury; it merely acknowledged that the employee had filed a claim for workers' compensation benefits. This evidence does not establish indisputably that the medical and surgical treatment the employee obtained and sought in the future was necessitated by her alleged workplace accident, and it did not shift the burden onto the employer to present evidence creating a genuine issue of material fact.
As stated by the employer in its briefs, it appears that the trial court deviated from the procedure established in the Act and the Alabama Rules of Civil Procedure by deciding a disputed issue of coverage based on a motion filed by the employee containing only a mere allegation that she had sustained a work-related accident that *661 caused injuries requiring medical and surgical treatment. While the law encourages employers to provide medical benefits voluntarily, see Rule 409, Ala. R. Evid., nothing in the law requires employers to furnish medical benefits to an employee based on the mere allegation that the employee requires medical treatment because of a work-related injury. The employee bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained. Boyd, supra. Section 25-5-88, Ala.Code 1975, requires circuit courts to expedite the trial and determination of workers' compensation cases, but the legislature has not endorsed any procedure that would abrogate the employee's burden of proof for the sake of expediency.
Because neither the language of the Act nor the Alabama Rules of Civil Procedure authorize the procedure used by the trial court to decide the employer's obligation to provide medical benefits to the employee, we grant the petition for a writ of mandamus. We hereby order the trial court to vacate its September 15, 2006, order granting the employee's "Motion to Compel Medical Treatment."
PETITION GRANTED; WRIT ISSUED.
PETTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing.
THOMPSON, Presiding Judge, concurring in the result.
Initially, I note that a petition for a writ of mandamus is the appropriate method of review in this action. In Homes of Legend, Inc. v. O'Neal, 855 So.2d 536 (Ala.Civ. App.2003), this court determined that an order that held an employer to be liable for an injured employee's medical treatment was not sufficiently final to support an appeal. See also Sign Plex v. Tholl, 863 So.2d 1113 (Ala.Civ.App.2003) (order determining whether injury was compensable was not sufficiently final to support an appeal). The trial court's September 15, 2006, order, because it required Publix to provide medical treatment for the employee, was, in essence, a determination of the compensability of the employee's injury. No other rights of the parties were addressed in the September 15, 2006, order, and, therefore, that order was not a final judgment capable of supporting an appeal. Accordingly, the appropriate method for reviewing the trial court's September 15, 2006, order is pursuant to a petition for a writ of mandamus. See Ex parte Brookwood Med. Ctr., Inc., 895 So.2d 1000 (Ala.Civ.App.2004) (reviewing a nonfinal order in a workers' compensation action pursuant to a petition for a writ of mandamus); see also Ex parte Amerigas, 855 So.2d 544, 546 (Ala.Civ.App.2003) ("Review by mandamus is not appropriate where the petitioner has another adequate remedy, such as an appeal.").
In its petition for a writ of mandamus, Publix argues, among other things, that the trial court erred in requiring it to provide medical treatment in the absence of any evidence to support a finding that the employee's injury was compensable. The Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"), provides for disputes over medical expenses to be resolved in the trial court. § 25-5-77(a), Ala.Code 1975 ("All cases of dispute as to the necessity and value of the services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation.").
*662 A dispute over liability for medical payments necessarily implicates the issue of compensability of the injury. An evidentiary hearing to resolve a dispute over compensability and the payment of medical benefits is anticipated in § 25-5-77(a).[1] Further, in order to establish that he is entitled to medical treatment for an injury under the Act, an employee must establish that his or her injury is compensable under the Act.
"[F]or an injury to be compensable under the Workers' Compensation Act, the employee must establish both legal and medical causation. Once legal causation has been established, i.e., once it has been established that an accident arose out of and in the course of employment, medical causation must be established, i.e., that the accident caused the injury for which recovery is sought."
Ex parte Moncrief, 627 So.2d 385, 388 (Ala.1993) (citation omitted).
I conclude that the trial court erred by requiring Publix to pay for the employee's medical treatment in the absence of any evidence pertaining to the issue of the compensability of the employee's injury. Accordingly, I concur in the result.
NOTES
[1] Review may also be had, under certain circumstances, pursuant to the Ombudsman Program set forth in Article 11 of the Act, §§ 25-5-290 through -294, Ala.Code 1975. See § 25-5-77(i), Ala.Code 1975.