BRYAN, Judge,
concurring specially.
Sunbelt correctly argues that Paul, at this stage of the proceedings, has failed to establish that his injury is compensable under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”). Sunbelt’s admission of com-pensability under the workers’ compensation law of Florida is not an admission under the Act. Although Florida law and the Act share some similarities, certainly those laws differ in some respects. Accordingly, Sunbelt may have had a good reason for readily admitting compensability under Florida law while not admitting compensability under the Act. Having said that, however, it appears to me that Sunbelt, after authorizing Paul to receive medical treatment from Dr. Fletcher and admitting compensability under Florida law, has essentially pulled the rug out from under Paul by failing to authorize Dr. Fletcher’s continued treatment of Paul. However, I must begrudgingly agree with the main opinion that Sunbelt is not obligated to provide medical treatment to Paul absent a determination of compensability. See Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala.Civ.App.2007).