MOORE, Judge,
dissenting.
I respectfully dissent from the main opinion’s reversal of the trial court’s judgment because I conclude that, under the peculiar procedural posture of this case, Goodyear Tire & Rubber Company (“the employer”) did not discharge its burden of proof.
Although the law generally requires an employee seeking medical benefits to prove his or her entitlement thereto, see Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala.Civ.App.2007), the parties tried the case on the theory that the employer bore the burden of disproving that the current treatment Marvin J. Wilson (“the employee”) was receiving for his back condition was unrelated to a compen-sable back injury that he sustained in 1986. As such, the employer had to prove by a preponderance of the evidence that the *677 1986 back injury did not contribute even slightly to the employee’s current back problems requiring medical attention. Ex parte Valdez, 686 So.2d 401 (Ala.1994), on remand, 636 So.2d 407 (Ala.Civ.App.1994). Before declining to place a percentage on the contribution of the 1986 back injury to the employee’s current back problems, Dr. Cornelius Thomas testified that “most of [the employee’s] symptoms now are from degenerative arthritis” and that “it’s hard to say that [the employee’s 1986 back strain is] not contributing [to the present back problems] to some extent.” If the employee bore the burden of proving medical causation, I believe that evidence would have been sufficient to discharge that burden under our established precedent. See 1 Terry A. Moore, Alabama Workers’ Compensation § 7:19 nn. 68-74 (West 1998). Given that, in this unusual case, the burden rested on the employer to prove that the 1986 injury was not contributing to the employee’s current medical problems, I must conclude that the same testimony has to be considered substantial evidence supporting a finding that the employer did not disprove medical causation. Therefore, I would affirm the trial court’s judgment.
BRYAN, J., concurs.