MOORE, Judge.
Door Components, LLC (“the employer”), petitions this court for a writ of mandamus ordering the Marion Circuit Court (“the trial court”) to vacate an order dated September 4, 2014, in which the trial court found, among other things, that Shirlene Kimbrough (“the employee”) had suffered an injury to her left shoulder arising out of and in the course of her employment with the employer on December 2, 2013. We dismiss the petition.

Background

The employee initially filed a complaint seeking benefits under the Alabama Workers’ Compensation Act (“the Act”), Ala. Code 1975, § 25-5-1 et seq., for an injury to her neck and left shoulder that she alleged she had suffered on January 15, 2011. The employer filed an answer to that complaint through its attorney, William L. Middleton. The employee subsequently filed an amended complaint seeking benefits under the Act for an injury to her left hand, neck, and left shoulder that she alleged she had suffered on December 2, 2013. After serving the amended complaint on Middleton, the employee moved the trial court for an evidentiary hearing regarding the compensability of her injuries pursuant to Ex parte Publix Supermarkets, Inc., 963 So.2d 654 (Ala.Civ.App. 2007). Specifically, the employee moved the trial court to “hold an evidentiary hearing to resolve the dispute over com-pensability, the provision of medical benefits, the provision of temporary total or temporary partial disability benefits, and *20 other matters which are necessarily dependent upon a finding that this claim is com-pensable.”
Without receiving an answer to the amended complaint, the trial court conducted the requested hearing on August 29, 2014. On September 4, 2014, the trial court entered a detailed order containing findings of fact and conclusions of law in which it determined, among other things, that the emplpyee had originally received a compensable injury to her left shoulder on January 15, 2011, for which she had reached maximum medical improvement on August 15, 2013; that the employee had returned to work without restrictions; that the employee had sustained a new work-related injury to her left shoulder on December 2, 2013; and that the employee was entitled to medical treatment for her left-shoulder injury. Middleton forwarded a copy of the order to the employer on September 8, 2014.
On October 6, 2014, the employer filed a “motion for new trial or, in the alternative, a motion to alter, amend, or vacate” the September 4, 2014, order. In its motion, the employer set out that it had changed workers’ compensation insurance carriers between the time of the January 15, 2011, and the December 2, 2013, injuries. The employer further established that, when the employee filed her amended complaint and her motion for a compensability hearing, the employee had sent a copy of those documents to Middleton but had not served the amended complaint on the employer or its new workers’ compensation insurance carrier, AlaCOMP. As a result, the employer argued, neither it nor Ala-C.OMP had received actual notice of the claim regarding the December 2, 2013, léft-shoulder injury or of the hearing until they received a copy of the September 4, 2014, order from Middleton.
In its motion, the employer argued that, because the trial court had been asked to decide the issue of which of two insurers should cover the December 2, 2013, left-shoulder injury, AlaCOMP was a proper party to the proceedings and was entitled to notice and an opportunity to be heard. The employer further asserted, through an affidavit of its human-resources manager, that it had not authorized Middleton, who apparently had been retained by the employer’s previous workers’ compensation insurance carrier, to accept service of process of the amended complaint and that, therefore, it had not been properly served. The employer maintained that the trial court should vacate the September 4, 2014, order as being void. While awaiting a ruling on that motion, the employer timely filed its petition for a writ of mandamus with this court on October 16, 2014.

Analysis

In its petition for a writ of mandamus, the employer reasserts the same due-process and lack-of-service arguments that were made in its October 6, 2014, motion filed with the trial court. Both arguments tacitly assume that the trial court determined that AlaCOMP should be liable for medical treatment and compensation due the employee as a result of the December 2, 2013, left-shoulder injury. The order itself does not provide as much, stating only that the left-shoulder injury is com-pensable and ordering the employer to provide medical treatment for that injury. Nevertheless, we note that, at the outset of the hearing, the attorney for the employee informed the trial court that the issue to be resolved was whether the December 2, 2013, left-shoulder injury was a new injury to be covered by the workers’ compensation insurance carrier insuring the employer on that date.[1] Furthermore, at the *21 conclusion of the hearing, the trial court orally indicated that it was finding that the injury was a “new injury” in order to resolve the insurance-coverage dispute. See North River Ins. Co. v. Purser, 608 So.2d 1379 (Ala.Civ.App.1992) (holding that, if injury is characterized as “new injury,” insurer of risk on date of injury is responsible for benefits under the Act). Hence, we agree with the employer that the trial court, by including a finding that the employee had suffered a “new injury” to her left shoulder on December 2, 2013, intended to resolve the insurance-coverage issue. See generally Harvey v. Director of Revenue, 371 S.W.3d 824, 826 (Mo.Ct.App. 2012) (recognizing that an appellate court may consider oral comments of trial court to ascertain meaning of ambiguous phrase in judgment).
It is undisputed that AlaCOMP had not been served and notified of the hearing that led to the order. Thus, the question arises as to whether a circuit court may adjudicate the liability of a workers’ compensation insurance carrier for an injury without affording that carrier notice and' an opportunity to be heard. That issue has not been decided in this state, but the Oklahoma Supreme Court has determined that an order purporting to fix liability for workers’ compensation benefits on an absent insurer is void for violating due process. The Oklahoma Supreme Court reasoned that
“[t]he Constitution inexorably commands no one’s rights are to be adversely affected by judicial process that occurs in the absence of notice and (full and fair) opportunity to defend. A compensation decision may not affect the interest of one who was not sufficiently identified — for delivery of the claim’s notice — by papers filed in court. At a bare minimum, legal notice must inform one of the antagonist’s pressed demands and apprise one of the result consequent on default.
“Each of several successive carriers sought to be. implicated in liability for a compensation claim is entitled to a constitutionally protected opportunity to participate in all proceedings that might culminate in allocation of all or some liability to any one insurer. Liability allocated to a non-party risk carrier without that carrier’s participation in the judicial process in which it was imposed will not pass muster when challenged by the minimum standards of due process.”
PFL Life Ins. Co. v. Franklin, 958 P.2d 156, 162 (Okla.1998) (footnotes omitted).
In an appropriate case, we may agree with that reasoning. However, we cannot reach the issue in this mandamus proceeding. AlaCOMP did not move to intervene in the case for the purpose of seeking a vacation of the order, see United States Fid. & Guar. Co. v. Stepp, 642 So.2d 712 (Ala.Civ.App.1994) (recognizing right of workers’ compensation insurance carrier to intervene in workers’ compensation action in order to resolve dispute involving, successive insurers), and AlaCOMP did not file the petition for a writ of mandamus. Instead, the employer has acted in both instances to protect AlaCOMP’s right to due process and service. In its petition, *22 the employer has not explained how it has been individually damaged by the order, instead arguing extensively that the order prejudices the rights of AlaCOMP. As a general rule, a party lacks standing to assert the due-process rights of another party. See generally J.S. v. Etowah Cnty. Dep’t of Human Res., 72 So.3d 1212, 1223-24 (Ala.Civ.App.2011). Although the Act generally treats the employer and its workers’ compensation insurance carrier synonymously for most purposes, see Ala. Code 1975, § 25-5-1(4), it does not confer standing upon an employer to assert the due-process rights of its workers’ compensation insurance carrier in the present context.
“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.” State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Extending that principle, it follows that an appellate court lacks jurisdiction to consider a mandamus petition filed by a party who lacks standing. Without jurisdiction, this court cannot take any judicial action other than dismissing the petition. “ ‘Any other action taken by a court lacking subject matter jurisdiction is null and void.’ ” Rainbow Drive, 740 So.2d at 1029 (quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct.App.1996)). Accordingly, we dismiss the petition.
PETITION DISMISSED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., recuses himself.

. Until that point, the employee had only requested a hearing pursuant to Ex parte Publix *21 Supermarkets, Inc., supra, which sets out the procedure for deciding compensability, not insurance coverage, disputes. It appears that neither the employer nor the trial court were formally notified before the hearing that the employee intended to litigate the insurance-coverage dispute, although the employee asserts in an affidavit filed for the first time in this court, which we do not consider, see Ex parte Ford Motor Credit Co., 772 So.2d 437, 442-43 (Ala.2000) (striking affidavit that was not before trial court in mandamus proceeding), that, she informed the employer’s human-resources manager that the issue would be considered at the hearing.