THOMPSON, Presiding Judge.
Lewis E. Washington III (“the father”) petitions this court for a writ of mandamus directing Elmore Circuit Judge Sibley Reynolds to set aside an order in which, *853 the father says, Judge Reynolds denied a motion seeking the judge’s recusal. The father also asks this court to direct the Elmore Circuit Court (“the circuit court”) to set aside certain orders that, he says, denied requests for hearings in the circuit court.[1]
According to the materials the father submitted in support of his petition, the action before Judge Reynolds is a custody dispute between the father and-Mynesha J. Leonard (“the mother”), who have never married. The materials also include pleadings and documents from other cases involving the mother, the father, and the child, although the father does not appear to have included an entire record from any of those cases. What pleadings we do have indicate that in 2012 the State of Alabama filed a petition for support on behalf of the mother in the “Child Support Court of Elmore County Alabama,” a division of the Elmore Juvenile Court (“the juvenile court”); that action was designated as case number CS-2012-900137.04 (“the child-support action”). Although a determination of paternity was not requested, the father was named as the defendant in the child-support action. The original child-support order is not contained in the materials submitted to this court; however, the materials contain an order dated February 10, 2014, which modified the father’s child-support obligation and found the father in arrears.
In October 2013, the father, acting pro se, filed a petition seeking a finding of dependency and an award of custody in the juvenile court; that action was designated as case number JU-2013-287.02 (“the dependency action”). On August 21, 2014, the juvenile court entered a judgment in the dependency action determining that the father had not met his burden of showing that the child was dependent and denying the petition.
The same day that the judgment was entered in the ¡dependency action, August 21, 2014,. the father, again acting pro se,, filed in the circuit court a petition “to establish custody”; that action was designated as case number DR-2014-900264 (“the custody action”). The custody action is the -subject .of the present petition for a writ of mandamus.
This court must take notice of jurisdictional issues ex mero' motu. Matthews v. City of Mobile, [Ms. 2130721, Dec. 5, 2014] — So.3d -, ’- (Ala.Civ.App.2014). “ ‘ “[Jjurisdictional matters are of such magnitude that we -take notice of them at any time and do so even ex mero motu.” ’ ” Harley v. Anderson, 167 So.3d 355, 361 (Ala.Civ.App.2014) (quoting Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App. 2010), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
A juvenile court has original jurisdiction over actions to establish paternity. § 12-15-115(a)(6), Ala.Code 1975. Section 12-15-115(a)(7), Ala.Code 1975, provides .that juvenile courts have original jurisdiction in “[plroceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court' previously has established parentage.” Our supreme court has held that an order requiring a man to pay child' support is an implicit judicial determination of paternity. See Ex parte State ex rel. G.M.F., 623 So.2d 722, 723 (Ala.1993) (holding that an order requiring a 'man to pay child support was an implicit “judicial determination of paternity qualifying for res judicata finality”). Likewise, this court has determined that an award of support to one parent constitutes an implicit award of custody to that parent. See T.B. v. C.D.L., 910 So.2d 794, 796 (Ala.Civ.App. *854 2005); M.R.J. v. D.R.B., 17 So.3d 683, 686 (Ala.Civ.App.2009).
In this case, the limited materials submitted to us indicate that the juvenile court has previously entered a judgment ordering the father to pay child support to the mother; thus, the juvenile court has made implicit determinations as to paternity and custody. In a separate action, the juvenile court entered a judgment that included the express determination that the child was not dependent, and it declined to award the father custody. Pursuant to § 12-15-117(c), Ala.Code 1975, the juvenile court “shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law....”
Because the materials submitted to us indicate that the the juvenile court has entered judgments regarding support and custody of the child, it “shall retain jurisdiction” to modify those orders. Therefore, the juvenile court, not the circuit court, has jurisdiction over the father’s petition for custody in this case. Id.
Because the circuit court never obtained jurisdiction over this matter, the orders it has entered to date in this case are void. Id. This court cannot conduct a review of void orders; therefore, the father’s petition is due to be dismissed. See Ex parte Door Components, LLC, 171 So.3d 18, 21 (Ala.Civ.App.2014).
PETITION DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. No response to the father’s petition was submitted to this court.