THOMAS, Judge.
On August 25, 2016, Tidra Corporation filed in this court a petition for the writ of mandamus seeking an order compelling the Lee Circuit Court (“the trial court”) to set aside its July 15, 2016, order granting Dwayne Johnson’s motion to compel medical treatment and ordering that Johnson undergo a mental examination pursuant to Rule 35(a), Ala. R. Civ. P. We called for an answer to- the petition, which Johnson has *933 filed.[1] On Tidra’s motion, this court stayed enforcement of the July 15, 2016, order pending the resolution of the petition. Based on our review of the materials provided by the parties in support of and in opposition to the petition and the applicable law, we grant the petition.
The materials properly before this court reveal that Johnson alleges that he was injured in June 2012. According to Johnson, his injury resulted from an accident that occurred while he was driving a forklift at his place of employment. After the accident, he ■ complained of neck pain and was seen Dr. Nick Vlachos. Dr. Vlachos diagnosed Johnson with a cervical strain, prescribed a .narcotic pain reliever and a muscle relaxer, and referred Johnson to physical therapy. Johnson did not comply with the physical therapist’s recommendations, however, and he was discharged from physical therapy and from Dr. Ylac-hos’s care on July 10,2012.
In September 2012, Johnson filed a complaint in the trial court seeking workers’ compensation benefits and medical treatment for his alleged work-related injury. Johnson named ITP Global Services, Inc., and three fictitiously named parties as defendants. Tidra was later substituted as a defendant. A question arose regarding which of several entities employed Johnson in June 2012. In May 2015 the trial court determined that Johnson had been employed by Tidra at the time of the alleged work-related injury.
In February 2016, Johnson, who was then acting pro se, filed a motion seeking a hearing on the question whether Tidra should be required to provide, as medical treatment, eight sessions of physical therapy recommended by Dr. Martin Jones. Johnson attached several medical records, including records from West Georgia Health, West Georgia Worx, Emory Southern Orthopedics, and Dr. Jones, to his motion. Tidra responded to Johnson’s motion on March 11, 2016, objecting to what Tidra characterized as a motion to compel medical treatment. Tidra attached to its response and objection, among other things, a copy of a letter from its workers’ compensation carrier requesting clarification of Dr. Jones’s recommendation, that Johnson undergo physical therapy. Dr. Jones had indicated in response to the letter that- the physical therapy he had recommended was not related to Johnson’s 2012 injury. Johnson filed a second motion, which he specifically characterized as a motion to compel medical treatment, on July 8, 2016. The July 2016 motion included an additional medical record from Southern Rehab and Sports Medicine and set out some of the procedural history of the action.
The trial court held oral argument on Johnson’s motions on July 13, 2016. No oral testimony was taken. During that hearing, at which Johnson appeared pro se, the trial court indicated that the action was set for a trial in the near future and that the issues' whether the injury was compensable and whether any recommended treatment was medically necessary would be decided at the upcoming trial. The trial court stated on the record that it intended to deny Johnson’s motions.
However, on July 15, 2016, the trial court entered an order stating, in *934 pertinent part: “Upon review of [Johnson’s] medical records, the court is of the opinion that said motion to compel physical therapy is granted. Furthermore, pursuant Rule 35 of the Alabama Rules of Civil Procedure [Johnson] is to submit to a mental evaluation.” Tidra filed a motion seeking reconsideration of the trial court’s July 15, 2016, order, which the trial court had not yet ruled upon when Tidra filed this petition for the writ of mandamus.[2]
“A writ of mandamus is an extraordinary remedy, and it will be issued only when there is:
“ ““ “!)■ a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 8) the lack of another adequate remedy; and 4) properly invoked, jurisdiction of the court.” Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala. 1991).’ ” ’
“Ex parte Fort James Operating Co., 905 So.2d 836, 842 (Ala. Civ. App. 2004) (quoting Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala. 2002), quoting in turn Ex parte [Empire] Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998)).”
Ex parte Publix Super Markets, Inc., 963 So.2d 654, 657 (Ala. Civ. App. 2007).
Tidra first argues that the trial court erred by ordering Johnson to undergo a mental examination under Rule 35(a), Ala. R. Civ. P., when neither party had requested such relief and the record did not demonstrate good cause for- such an order.[3] Rule 35(a) provides:
“When the- mental or physical condition (including the blood- group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is'pending may order the party to submit to a -physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party’s custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.”
(Emphasis added.)
In order to determine whether Rule 35(a) permitted the trial court’s sua sponte order requiring Johnson to undergo a mental examination, we must examine the language of the rule. We apply the principles applicable to statutory construction in construing our rules of civil procedure. Greener v. Killough, 1 So.3d 93, 102 (Ala. Civ. App. 2008). Thus, when we are examining a rule, “ ‘ “[w]ords in [that rule] must be given their natural, plain, ordinary, and commonly understood meaning.”’” Greener, 1 So.3d at 102 (quoting *935 Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 (Ala. 1998), quoting in turn IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)). Furthermore, we presume that the drafters of the rule, like the legislature when drafting a statute, know “how to draft a [rule] to reach [a particular] end.” Ex parte Jackson, 614 So.2d 405, 407 (Ala. 1993); see also Davis Plumbing Co. v. Burns, 967 So.2d 94 (Ala. Civ. App. 2007).
Rule 35(a) states that a trial court may order a mental examination of a party “only on motion.” The word “only” is defined as “solely, exclusively.” Merriam-Webster’s Collegiate Dictionary 867 (11th ed. 2003). Thus, Rule 35(a) itself specifies that a trial court may enter an order requiring a party to undergo a mental examination “[solely or exclusively] on motion” before the court. In contrast, Rules 11.2(a) and 11.2(b), Ala. R. Crim. P., permit a trial court to order a criminal defendant to undergo a mental examination on the court’s own motion in order to evaluate the defendant’s mental condition at the time of trial or at the time of the offense. The drafters of our rules of procedure obviously know how to draft a rule to permit a trial court to act on its own motion. Had the drafters of Rule 35(a) intended that a trial court have the ability to order such relief on its own motion, they could have, as they did in Rules 11.2(a) and 11.2(b), Ala. R. Crim. P., so stated. Thus, we conclude that the fact that Rule 35(a) does not permit a trial court to act on its own motion indicates that the drafters of the rule intended that a court have the power to order a mental examination in a civil action only upon motion of a party.
No motion requesting a mental examination of Johnson was pending in the trial court. Rule 35(a) clearly conditions the trial court’s ability to enter an order requiring a party to undergo a mental examination on a motion seeking such relief. Tidra has demonstrated that the trial court acted outside its authority in entering sua sponte an order requiring Johnson to undergo a mental examination. Accordingly, Tidra is entitled to the relief it seeks regarding that portion of the trial court’s July 15, 2016, order requiring Johnson to undergo a mental examination.
Tidra next challenges the trial court’s July 15, 2016, order insofar as it requires Tidra to provide medical treatment to Johnson because, Tidra contends, the trial court erred by failing to hold a trial on the issue of compensability before requiring that Tidra provide physical therapy to Johnson. Tidra relies on this court’s opinion in Ex parte Publix Super’Markets to support its argument that the trial court erred in ordering that it provide medical treatment to Johnson without first holding an evidentiary hearing on the issue of com-pensability. In Ex parte Publix Super Markets, this court explained that a trial court may not compel an employer to pay for medical treatment for an employee without first holding an evidentiary hearing on the issue of compensability or utilizing either Rule 12(c), Ala. R. Civ. P. (authorizing a judgment on the pleadings), or Rule 56, Ala. R. Civ. P. (authorizing a summary judgment), to determine the issue of com-pensability without a trial. Ex parte Publix Super Markets, 963 So.2d at 659.
We first note that Ala. Code 1975, § 25-5-77(a), provides that a circuit court having jurisdiction over a workers’ compensation claim may decide controversies relating to the necessity of medical treatment arising under the Workers’ Compensation Act, Ala. Code 1975, § 25-5-1 et seq. Furthermore, as we explained in Ex parte Publix Super Markets, 963 So.2d at 659, Ala. Code 1975, § 25-5-88, provides that a circuit court deciding such controversies “ ‘shall hear such witnesses as may *936 be presented by each party, and in a summary manner without a jury .., shall decide the controversy.’ ” Thus, we held in Ex parte Publix Super Markets that the Workers’ Compensation Act requires that a trial court must generally resolve a dispute between an employer and an employee regarding the necessity of medical treatment by holding an evidentiary hearing. Id. •
Tidra has supplied this court with the transcript of the July 13, 2016, hearing before the trial court. The transcript, reflects that the trial court held oral argument on Johnson’s motions. No witnesses were sworn in, no testimony was taken, no stipulations were entered on the record, and the matter was not submitted to the trial court for decision solely upon the documentary evidence appended to the parties’ various filings. Thus,, the trial court did not hold an evidentiary hearing on the issue of compensability.
■ However, that is not the end of our inquiry. Ex parte Publix Super Markets does not prohibit a trial court from granting a pretrial motion seeking a judgment on the issue of compensability. However, because the Rules of Civil Procedure apply to workers’ compensation actions to the extent that the- Workers’ Compensation Act does not prescribe another procedure, we explained in Ex parte Publix Super Markets that a motion seeking to compel an employer to provide medical treatment could be granted only to the extent that it is a properly supported motion for a judgment on the pleadings or for a summary judgment. Id.
Johnson’s February 2016 motion lists the medical providers he had seen and the treatments he had been prescribed since his 2012 injury. In his July 2016 motion, Johnson includes further details about the history of the action and explains in more detail certain .statements contained in the medical records. The main basis for Johnson’s motions seeking to compel Tidra to provide medical treatment is that Dr. Jones had stated in his treatment notes that “we will try to get [Johnson] eight sessions of physical therapy and see if it helps.”
Tidra’s submissions in support of its petition for the writ of mandamus indicate that Tidra had challenged in its answer and in other pleadings and motions whether Johnson had suffered a work-related injury, whether any of his current symptoms were related to the 2012 accident, and whether he was entitled to further medical treatment or other benefits. Furthermore, in its response and objection to Johnson’s February 2016 motion, Tidra specifically challenged whether the physical-therapy sessions recommended by Dr. Jones were, in fact, reasonable and necessary for .the treatment of Johnson’s 2012 injury. Tidra explained in its response, and provided documentation indicating, that Dr. Jones had clarified that his recommendation that Johnson undergo physical therapy was not related to Johnson’s 2012 injury. -
Based on the information before this court, it appears that the trial court in the present case, like the trial court in Ex parte Publix Super Markets, did not rely on either Rule 12(c) or Rule 66 to decide that Tidra should be compelled to provide physical therapy for Johnson. As we explained in Ex parte Publix Super Markets, “[a] trial court may enter a judgment on [the pleadings pursuant to Rule 12(e)] when the allegations in the complaint and the averments in the answer show that no genuine issue of material fact exists and that, the movant is entitled to a judgment as a matter of law.” Ex parte Publix Super Markets, 963 So.2d at 659. Similarly, “[a] trial court may enter a [summary] judgment .., when the pleadings and other *937 evidentiary material show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Id. (citing Rule 56(c)(3), Ala. R. Civ. P.). We further note that Rule 12(c) provides that “[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.” Clearly, because the parties included materials outside the pleadings as attachments to their respective filings before the trial court, Johnson’s motions could necessarily be treated only as motions seeking a partial summary judgment.
As we noted in Ex Parte Publix Super Markets, a motion for a summary judgment must meet certain procedural requirements. Ex parte Publix Super Markets, 963 So.2d at 660. Among those requirements is that the motion should contain, or be accompanied by, “a narrative summary of what the movant contends to be the undisputed material facts.” Rule 56(c)(1). We are not convinced that either of Johnson’s motions are truly motions for a summary judgment. In our opinion, neither motion contains a narrative summary, because, for example, neither motion discusses the factual underpinnings of the action, explains the mode of injury, or describes the accident giving rise to Johnson’s claims. If Johnson’s motions were not motions for a summary judgment, the trial court could not have properly granted a pretrial judgment in Johnson’s favor.
However, even if we were to generously construe Johnson’s motions as motions for a partial summary judgment on the issue of the reasonable necessity of his request for physical therapy, we conclude that Ti-dra is entitled to the writ of mandamus it seeks. The materials before this court demonstrate that a dispute exists between Tidra and Johnson relating to whether he is currently entitled to physical therapy as a result of his June 2012 injury. Although Johnson provided Dr. Jones’s treatment note indicating that he had recommended physical therapy for Johnson, Tidra presented competing evidence indicating that Dr. Jones had concluded that Johnson’s need for physical therapy had not arisen from the 2012 injury and was instead related to current, unrelated complaints. Thus, Johnson failed to demonstrate a lack of a genuine issue of material fact or that he was entitled to a judgment as a matter of law, see Rule 56(c)(3), and the trial court, if it considered Johnson’s motions to be motions seeking a partial summary judgment, erred in granting those motions.
As we stated in Ex parte Publix Super Markets:
“While the law encourages employers to provide medical benefits voluntarily, see Rule 409, Ala. R. Evid., nothing in the law requires employers to furnish medical benefits to an employee based on the mere allegation that the employee requires medical treatment because of a work-related injury. The employee bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained. Boyd [v. M. Kimerling & Sons, Inc., 628 So.2d 711 (Ala. Civ. App. 1993) ]. Section 25-5-88, Ala. Code 1975, requires circuit courts to expedite the trial and determination of workers’ compensation cases, but the legislature has not endorsed any procedure that would abrogate the employee’s burden of proof for the sake of expediency.”
963 So.2d at 661.
Tidra has demonstrated that it is entitled to the writ of mandamus it seeks. *938 Neither party filed a motion seeking a mental examination, and the trial court lacked the authority under Rule 35(a) to order a mental examination sua sponte. Furthermore, Johnson’s motions seeking an order compelling Tidra to provide him physical therapy, even if generously construed as motions for a partial summary judgment, should not have been granted. The trial court is instructed to set aside its July 2016 order in its entirety.
PETITION GRANTED; WRIT ISSUED.
Pittman and Moore, JJ., concur.
Thompson, P.J., and Donaldson, J., concur in the result, without writings.

. Johnson’s answer is supported by various medical records and other materials, some of which do not indicate that they were filed in, or otherwise presented to, the trial court. “It is well settled that, 'in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.’ ” Ex parte Bast Alabama Med. Ctr., 109 So.3d 1114, 1117 (Ala. 2012) (quoting Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala. 2010)). Thus, we have not considered those materials that bear no indica that they were before the trial court.

. Because the trial court’s July 15/ 2016, order was an interlocutory order, Tidra’s motion was not a postjudgment motion. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala. 2003). It is well settled that a motion seeking reconsideration of an interlocutory order does not toll the time for seeking a writ of mandamus, and Tidra properly sought mandamus relief by timely filing its petition •despite the. pendency of its motion to reconsider the trial court’s July 15, 2016, order. Id.

. We note that the trial court ordered that Johnson undergo a "mental evaluation”; however, because Rule 35(a) refers to a “mental examination,” we will use that term in the remainder of this opinion.