MOORE, Judge.
Travel Centers of America, Inc. ("the employer"), petitions this court for a writ of mandamus ordering the Tuscaloosa Circuit Court ("the trial court") to vacate a September 21, 2017, order requiring the *1144 employer to provide a panel of four physicians from which Patricia Oddo ("the employee")[1] may select a physician to treat her for an alleged work-related lower back injury. We dismiss the petition.
The materials submitted in support of and in opposition to the petition for a writ of mandamus show as follows. On January 29, 2017, the employee filed a complaint seeking workers' compensation benefits under the Alabama Workers' Compensation Act ("the Act"), Ala. Code 1975, § 25-5-1 et seq., for an alleged February 2015 work-related injury to "her back and body." The employer filed an answer admitting that it had received notice from the employee of the alleged work-related back injury, but denying all material allegations in the complaint; the employer asserted as an affirmative defense that the employee's injury had not arisen out of and in the course of her employment with the employer but, instead, was the result of purely idiopathic or preexisting conditions unrelated to her employment.
On June 27, 2017, the employer filed a "motion for declaratory relief." In that motion, the employer asserted that it had provided medical treatment for the employee and that, on April 11, 2017, the employee had requested a panel of four physicians from which to select a new authorized treating physician. The employer denied the request on the grounds that the employee did not need further treatment and that the employee's complaints related solely to a preexisting condition and not to her alleged February 2015 work-related injury, which, the employer contended, had only temporarily aggravated the employee's underlying back problem. The employer attached the records from the employee's authorized medical treatment in support of its motion.
The employee filed a response requesting the trial court to deny the motion and to award the employee reasonable attorney's fees based on the refusal of the employer to provide her with a panel of four physicians as requested. In support of her response, the employee submitted her affidavit in which she attested that she had suffered a work-related injury to her lower back, hip, and sacroiliac joint in February 2015 while performing manual labor in the course of her employment with the employer, that the employer had authorized medical treatment for the injury, that she had not recovered from that injury, that she disagreed with the opinion of her authorized treating physician indicating that she had recovered from the injury, that she continued to suffer pain from the injury, and that she required medical treatment that the employer had refused to authorize.
The employer filed a "motion to strike" the employee's response. In that motion, the employer argued that, in her response, the employee was essentially requesting that the trial court enter an order compelling the employer to provide her with a panel of four physicians and to authorize payment for the physician selected by the employee without the employee first proving that she was suffering from an ongoing work-related injury for which medical treatment was necessary. The employer pointed out that it had filed an answer disputing the compensability of the employee's back injury and that the employee had not proven the compensability of her back injury by competent evidence through the procedures established in the Act and as explained by this court in Ex parte Publix Supermarkets, Inc., 963 So.2d 654 (Ala. Civ. App. 2007). The employer contended that, because it had denied the *1145 compensability of the employee's injury, due process required that the employee prove the compensability of her injury at an evidentiary hearing before the trial court could order the employer to provide a panel of four physicians and to authorize further medical treatment based on the employee's selection of a physician from that panel. The employer maintained that it had filed its "motion for declaratory relief" in order to have the trial court determine its right to deny the request for a panel of four physicians "because the [employee] has not proven that her alleged injury is compensable."
On August 9, 2017, the trial court entered the following order:
"This matter is pending before the Court on the [employer's] motion requesting an order from this Court that the [employee] is not entitled to select from a panel of four physicians.
"The Court has considered the written submissions of the parties, the arguments of counsel at the hearing on this motion, and the various medical records presented at the hearing. After considering all of the foregoing, the Court finds that the [employer's] motion is due to be and [is] hereby DENIED ."
(Bold typeface in original.) It is undisputed that the employer did not provide the employee with a panel of four physicians following the entry of the trial court's August 9, 2017, order.
On September 15, 2017, the employee filed a motion to hold the employer in contempt for refusing to provide the panel of four physicians. The employer responded that the August 9, 2017, order had not specifically ordered the employer to provide the panel of four physicians but, instead, had only denied the employer's motion requesting a judgment declaring that it did not have to provide a panel of four physicians. The employer argued that it had not disobeyed any specific order of the trial court and that the employee had not yet proven the compensability of her injury in order to obtain a right to the panel of four physicians.
The trial court entered an order on September 21, 2017, indicating that it would consider the contempt motion as a "motion to compel, given the declaratory nature of the [employer's] recent motion." The trial court ordered the employer to provide the panel of four physicians within 21 days. On September 28, 2017, the employer moved the trial court to vacate its order, arguing that the trial court could not require the employer to provide a panel of four physicians without first holding an evidentiary hearing to resolve the dispute as to the compensability of the employee's injury and finding that the employee had proven that she needed continuing medical treatment due to a work-related injury. On October 2, 2017, the trial court took the motion to vacate the order under advisement. The employer filed its petition for a writ of mandamus with this court on October 30, 2017.
In its petition for a writ of mandamus, the employer argues that the trial court erred in ordering it to provide the employee with a panel of four physicians without first resolving the pleaded controversy between the parties regarding the compensability of the employee's back injury. We, however, cannot reach that issue because the employer did not timely file its petition for a writ of mandamus so as to preserve that issue for appellate review.
A petition for a writ of mandamus must be filed within a reasonable time. "The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal." Rule 21(a)(3), Ala. R. App. P. Appeals from judgments entered in workers' compensation actions must be *1146 filed within 42 days of the date of the entry of the judgment from which the appeal lies. See Ala. Code 1975, § 25-5-81(e).
In this case, the order of the trial court of which the employer complains was entered on August 9, 2017. On that date, the trial court entered an order denying the employer's request for a judgment declaring that it had the right to refuse to provide the employee with a panel of four physicians. The August 9 judgment effectively determined that the employer had no right to refuse to provide the employee with a panel of four physicians. The employer later argued to the trial court that the August 9 order did not technically contain affirmative directive language requiring it to provide the panel of four physicians. However, the trial court obviously interpreted its order differently when it construed the employee's contempt motion as a "motion to compel" compliance with the August 9 order. In its September 21, 2017, order, the trial court indicated that it was enforcing its August 9 order by setting a deadline for the employer to provide the panel of four physicians.
The employer does not specifically argue any error that the trial court may have committed in its September 21, 2017, order interpreting and enforcing its August 9, 2017, order. Instead, the employer argues only that the trial court could not have entered an order requiring it to provide a panel of four physicians without complying with the procedures established in Ex parte Publix Supermarkets, Inc., supra. However, we agree, as the trial court found, that the requirement to provide the panel of four physicians arose from the trial court's August 9 order, from which the employer did not timely file a petition for a writ of mandamus. Thus, we cannot reach the issue as framed by the employer, and we state no position on the correctness of the trial court's August 9 order.
For the foregoing reasons, the petition for a writ of mandamus is dismissed.
PETITION DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

In some of the materials provided to this court, the employee is referred to as "Patricia Otto." We use the spelling contained in an affidavit executed by the employee.